GEORGE W. HOWE

*vs.*

SAMUEL T. HOWE and CHARLES A. HOWE, Trustee, and

CHARLES W. PIERCE, Trustee and Claimant.

Penobscot.    Opinion April 9, 1903.

*Trustee Process.  Set-Off.  Assignment.  Notice.  Attachment.  R. S., c. 82, § 63.*

The plaintiff by a trustee process attached the principal defendant's distributive share of personal estate to which he was entitled in the hands of an administrator; he also attached the goods, effects, and credits of the defendant in the hands of another party as the defendant's assignee.

The administrator in his trustee disclosure offered evidence to prove that the plaintiff was indebted to him in his individual capacity and this sum he claimed to set off against such sum as was due to the plaintiff from the intestate's estate.  *Held;* that this demand, thus due him in his individual capacity, cannot be set off in this action.

Where the subject of the assignment is not capable of manual delivery an oral assignment may be sufficient, if founded upon a valuable and adequate consideration and accompanied by acts which amount to a constructive delivery; and even if the written assignment had never been executed.

By the assignee's disclosure it appeared that the principal defendant was indebted to him and that for a valuable consideration consisting of such present indebtedness and also future advances, the defendant had executed an assignment to him of all sums of money then due and all that might be due him from the estate, then unsettled, and in the hands of the administrator.  *Held;* that the transaction between the defendant and the claimant satisfies the requirements of an equitable assignment.

As between the plaintiff and the claimant, equitable considerations must prevail as fully as possible.  *Held;* that the execution of the assignment and its record, in accordance with a previous understanding between the assignor and the assignee, and notice to the administrator, removes the question of its sufficiency from possible doubt.

An assignment is not effective to charge the holder of a fund as debtor to an assignee until notice has been given him of the assignment; but it will be complete as against creditors of the assignor if the trustee has notice or knowledge of it in season to disclose the fact of the assignment.

Where an assignment is given as collateral security for the amount then due the assignee and for future advancements and is valid between the parties for that purpose, and it does not appear that there was any adjustment

by which the fund was applied in payment or as specific security for a stated amount, but transactions between the parties continued and the items of debit and credit were the subject of general account up to the time of the hearing on the assignee's claim, *held;* that as against attaching creditors, the assignment is not security for advancements made by the assignee to the assignor after notice of the attachments; and the plaintiff's attachment thereupon had precedence over subsequent advancements of the assignee and defeated his claims to the fund.

Exceptions by plaintiff.    Sustained.

.Assumpsit to recover upon two promissory notes given by Samuel T. Howe. The action is by trustee process, in which the plaintiff sought to hold the defendant's distributive share of the estate Mary J. Keaton, in the hands of her administrator, Charles A. Howe; also the same fund claimed by Charles W, Pierce under an assignment from the defendant.

The case appears in the opinion.

*G. W. Howe,* for plaintiff.

*H. J. Chapman and G. H. Worster,* for Howe, Trustee.

*M. L. Durgin,* for defendant and Pierce, Claimant.

SITTING: WISWELL, C. J., WHITEHOUSE, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J.    The plaintiff in an action of assumpsit against the principal defendant attached his goods, effects and credits in the hands of Charles A. Howe, administrator of the estate of Mary J. Keaton, deceased, intestate, in his capacity as administrator, and in the hands of Charles W. Pierce, assignee of the defendant, as trustees.

The trustees filed their disclosures made in answer to interrogatories propounded by the plaintiff. It appears that at the time of the service of the writ upon the administrator as trustee, the defendant was entitled to a distributive share of the personal estate of the intestate, which was subsequently shown by an order of distribution issued by the Probate Court of Penobscot County having jurisdiction of the estate, to the amount of one hundred and four dollars and ninety-seven cents.

The administrator offered evidence tending to prove that at the time of the service of the writ, the plaintiff was owing him in his individual capacity the sum of one hundred and twenty-two dollars

and · seventy-five cents, which he claimed to set off against such sum as might become due to the plaintiff from the intestate's estate. His demand, if valid, could not be set off in this action.    R. S., ch. 82, § 63.

The disclosure of Charles W. Pierce as trustee states that he had at the time of the service of the writ · on him no goods, effects or credits belonging to the defendant, but that prior thereto and prior to the service of the writ upon the administrator of the estate of Mary J. Keaton, deceased, the defendant was indebted to him to the amount of one hundred and fifty-five dollars and fifteen cents; and for a valuable consideration, consisting of such present indebtedness and also future advances, the defendant had executed an assignment to him of all sums of money then due and all that might be due him from the estate of Mary J. Keaton, then unsettled, which assignment was dated June 26, 1901.

It appears that the assignee did not receive the assignment after it was signed, but it was shown to him at his house by the defendant, who at his request took it to the office of the town clerk of Milo where it was signed by him and recorded July 4th, 1901.    His claim under the assignment to the funds disclosed by the administrator was duly filed.    The plaintiff formally denied the validity of the assignment, and a hearing was had upon the disclosures of the trustees and the evidence of the claimant.

The presiding justice ruled as follows:    "Trustees discharged with costs.    Funds in trustees' hands to the amount of one hundred and fifty-five dollars, if so much, adjudged to claimant, Charles W. Pierce."    And to this ruling the plaintiff by exceptions has brought the disclosures and evidence before this court.

The plaintiff contends that the assignee's claim against the principal defendant is fictitious and that the assignment is void by reason of fraud and informality.

The assignee's account against the assignor, in addition to his testimony, is supported by exhibits and books of account, and we think it is proved that the amount of one hundred and fifty-five dollars and fifteen cents was legally due him at the date of the assignment.

The testimony of the defendant shows that immediately after a conversation with the plaintiff he executed the assignment to the claimant, from whom he expected favors. This fact and other attendant circumstances indicate his intention to hinder and delay the plaintiff in the collection of the debt in suit, but the evidence fails to prove that the claimant at the time acted collusively with the defendant or knew of his intention, and his rights are not prejudiced by any fraudulent purpose of the assignor to delay or defeat the demands of other creditors.

It is also contended by the plaintiff that the assignment was not legally delivered to the assignee and that no such notice was given to the administrator as made the assignment effective against his attachment of the fund.

The subject of the alleged assignment was not capable of manual delivery, and an oral assignment might be sufficient if founded upon a valuable and adequate consideration and accompanied by acts which amounted to a constructive delivery; and even if the written assignment had never been executed by the assignor, we think the transaction between the defendant and the claimant satisfied the requirements of an equitable assignment. *White* v. *Kilgore,* 77 Maine, 571; *Simpson* v. *Bibber,* 59 Maine, 196; *Porter* v. *Bullard,* 26 Maine, 448.

As between the plaintiff and the claimant, equitable considerations must prevail as fully as possible. *Haynes* v. *Thompson,* 80 Maine, 125. And the execution of the assignment and its record, in accordance with a previous understanding of the assignor and assignee, removes the question of its sufficiency from possible doubt. *Jenness* v. *Wharff,* 87 Maine, 307.

An assignment is not effective to charge the holder of a fund as debtor to an assignee until notice has been given him of the assignment; but it will be complete as against creditors of the assignor trusteeing the chose in action if the trustee has notice or knowledge of it in season to disclose the fact of the assignment. *Littlefield* v. *Smith,* 17 Maine, 327; *Thayer* v. *Daniels,* 113 Mass. 129.

The record of the written assignment in this case was not required by law, and was not, therefore, constructive notice to the adminis-

trator: but the evidence shows that he was actually informed that it had been made, executed and recorded before making his disclosure as trustee.

But we think there is another phase of the case which controls the decision. The assignment was not absolute. It was given as collateral security for the amount then due the assignee and for future advancements and was valid between the parties for that purpose.

It does not appear that there was any adjustment by which the fund was applied in payment or as specific security for a stated amount, but transactions between the parties continued and the items of debit and credit were the subject of general account up to the time of the hearing on the assignee's claim.

As against attaching creditors the assignment was not security for advancements made by the assignee to the assignor after notice of the attachments. The writ was served upon the claimant as trustee July 13, 1901, and he thereby had definite knowledge of the plaintiff's attachment of the fund in the hands of Charles A. Howe, administrator, as trustee. And the assignment as security for credits thereafter given was subject to the attachment and might be extinguished by a payment of the claim secured.

It is shown by the claimant's testimony that on the day he received notice of the plaintiff's attachment, there was due him from the principal debtor under the assignment the sum of one hundred sixty-nine dollars and seventy-five cents, an increase by advancements of fourteen dollars and thirty cents above the amount due at the date of the assignment, which was one hundred fifty-five dollars and forty-five cents; that subsequently by credits in excess of debits the assignor had on the sixth day of November, 1901, overpaid the debt which was secured by assignment. The plaintiff's attachment thereupon had precedence over subsequent advancements of the assignee and defeated his claim to the fund.

Exceptions should be sustained. Charles A. Howe as administrator should be charged as trustee for one hundred four dollars and ninety-seven cents less his costs. Charles W. Pierce should be discharged as trustee with costs, and judgment for costs should be rendered against him as claimant of the fund in the trustee's hands.

*So ordered.*