LOAMMI L. KINGMAN & others *vs.* GEORGE F. PERKINS & trustee.

A depositor in a savings bank made and delivered to a third person, for good considera-
tion, an order on the bank for the amount due to him in his bank book; afterwards the
depositor's funds in the bank were attached on trustee process; and the bank subse-
quently accepted the order " except the amount trusteed." *Held,* that the order was an
assignment, which took effect when it was delivered, of all the depositor's funds then
held by the bank, and prevailed against the trustee process.

An assignment by an infant for valuable consideration of a debt due to him is good against
a subsequent attachment of the debt on trustee process in a suit against him.

TRUSTEE PROCESS by the firm of L. L. Kingman & Company
against a minor for necessaries. The Holyoke Savings Bank
were summoned as trustees November 13, 1868, and answered
that they then had in their hands $136.84, property of the de-
fendant. Benjamin F. Perkins appeared as claimant of the funds
in the hands of the trustees. The case was submitted to the
judgment of the superior court, and, on appeal, of this court,
upon facts agreed substantially as follows :

The defendant, on October 1, 1868, being then a minor, signed
and gave to the claimant the following order: " October 1, 1868.
The Holyoke Savings Bank will please pay B. F. Perkins, or
his order, the amount due me in Book No. 312." The defendant
was indebted to the claimant at this time in the sum of $931
for steam-traps sold by the claimant to the defendant. On No-
vember 20, 1868, the claimant presented the order to the treas-
urer of the bank, who made and signed the following indorse-
ment thereon : " December 19, 1868. Accepted to pay as ordered,
except the amount trusteed by L. L. Kingman & Company."

The by-laws of the bank provided that " money deposited
may be drawn out by the depositor, or by some person legally
authorized; but no person can receive either principal or interest,
without producing the original book, that each payment may be
entered thereon." It did not appear that the defendant's book
had ever been presented to the bank ; but it appeared that the
claimant had the book in his possession as early as September 30,
1868, and so informed the treasurer of the bank

*W. B. C. Pearsons,* for the plaintiffs.

*P. Underwood,* (*N. A. Leonard & G. Wells* with him,) for the claimant.

MORTON, J. The order, being for the whole sum due, and given in good faith for a sufficient consideration, constituted an assignment of the amount in the hands of the savings bank. *Macomber* v. *Doane,* 2 Allen, 541, and cases cited. The assignment took effect when it was delivered, and transferred to the claimant all the funds of the defendant then held by the bank, both principal and interest. The qualified acceptance by the bank of the order, after the trustee process was served, could not affect the rights of the claimant. It does not appear that he waived any of his rights. Nor does it appear in the statement of facts, that the bank held any money of the defendant deposited by him after the order was given. The clear inference is to the contrary. There was therefore nothing in the hands of the bank which could be attached by the trustee process.

The contract of assignment was not void. If voidable by the defendant upon the ground of his infancy, it cannot be avoided by his creditors. *McCarty* v. *Murray,* 3 Gray, 578. *Kendall* v. *Lawrence,* 22 Pick. 540. *Judgment for the claimant.*