MARTHA W. KIMBALL *vs.* HORACE LELAND, administrator.

A., a depositor in a savings bank, delivered to B. her bank book and an order for the payment of the whole deposit, for the purpose of transferring the money to B. *Held,* that although B. did not present the bank book and order to the bank till after A.'s death, the transfer to her was complete as against the next of kin of A.

The defendant's intestate, being a depositor in a savings bank, delivered to the plaintiff her bank book and an order for the payment of the whole deposit. In an action to recover the amount of this deposit, the plaintiff testified that this was done for the purpose of transferring the money to the plaintiff. *Held,* that evidence of statements of the defendant's intestate, made between the time of delivering the bank book and order and the time of her death, of her wishes and views in regard to her property and the plaintiff, inconsistent with the plaintiff's testimony, was inadmissible.

CONTRACT by the wife of Noah Kimball against the administrator of the estate of Grace Brown, for money had and received. At the trial in this court, before *Chapman*, C. J., it appeared that on January 31, 1866, the defendant's intestate had a deposit of $700 in the Worcester County Institution for Savings, and a bank book, in which the amount of the deposit was stated.

The plaintiff testified that on that day the defendant's intestate delivered the bank book to her, for the purpose of transferring the money to her, and signed and delivered to her the following order: "January 31, 1866. To the Treasurer of the Worcester County Institution for Savings: Please pay to Noah Kimball, or bearer, the whole amount of deposits and dividends due me by your Institution. Grace Brown. Witness, Martha W. Kim·ball;" that the order was made payable to her husband at the suggestion of the defendant's intestate, because the rules of the bank required that there should be a witness to the signature, and the plaintiff could be a witness; that her husband had no interest in the matter; that the intestate requested the plaintiff to keep the matter secret, for fear it would make difficulty among her relatives, and requested her not to draw the money, but keep the book and order till after her death; and that the order and bank book were not presented to the bank till after her death. It appeared that a considerable number of persons were entitled to distributive shares of the estate of the intestate, and that an arrangement was made by which the defendant was permitted to take the money from the bank and hold it for whoever should be entitled to it, and that the plaintiff had demanded it. There was evidence as to the consideration of the transfer, which it is unnecessary to report.

The defendant offered evidence "to prove statements of his intestate which were made between the time of the delivering of the order and bank book, as stated above, and her death, of her wishes and views in regard to her property and in regard to the plaintiff, inconsistent with the transaction as testified to by the plaintiff;" but the judge excluded any evidence under this general offer.

For the purposes of the trial, the judge instructed the jury that they might find for the plaintiff, if the plaintiff proved that the order and bank book were delivered to her substantially as stated by her, whether it was as a gift without consideration or a transfer for a legal consideration.

The jury found for the plaintiff, and the judge reported the case for the determination of the full court. If either ruling was

wrong, the verdict to be set aside and a new trial to be granted; otherwise, judgment to be entered on the verdict.

*W. W. Rice & C. A. Holbrook*, for the defendant.

*P. E. Aldrich*, for the plaintiff.

WELLS, J. Under the instructions given to the jury, their verdict must be taken to have established the fact that the order and bank book were delivered to the plaintiff by Grace Brown, in her lifetime, " for the purpose of transferring the money to her."

It is objected that this did not operate as a present transfer of the deposit; and that it must fail to have that effect, because the power thus given to make it complete by a transfer at the bank or by drawing the money was not exercised during the life of Grace Brown. The answer to this is that the interest of Grace Brown was not in any specific money, but was a mere credit, represented by her bank book. The delivery of that, with an order for payment of the whole amount represented by it, completely divested Grace Brown of all her interest, without any further action to give it effect. *Kingman* v. *Perkins*, 105 Mass. 111. The transferee was at liberty to take her own time for giving such notice to the bank as would protect her rights against payment to others than herself. Her conduct in this respect, the request to keep the matter secret, and all the other circumstances relied on by the defendant, were matters for the jury upon the question of fact submitted to them. They do not bear upon the question of law presented here.

The defendant's offer to prove statements made by Grace Brown after the delivery of the book and order to the plaintiff, " inconsistent with the transaction as testified to by Mrs. Kimball," was rightly refused. Nothing is better settled than the rule that a grantor or assignor cannot defeat his own deed or assignment by declarations made after it has taken effect.

There being no creditors whose rights could be affected by it, the transfer was equally effectual, whether it was a gift without consideration, or made for a legal consideration. The argument of the defendant, upon all the points of the case, is based upon the idea that the order was a mere power, or at most an executory contract, having no effect, except as between the parties,

until presented and acted upon. But we think it clear that it must be regarded as an instrument of assignment, complete and effectual to transfer the interest of Grace Brown upon the delivery thereof with the bank book to which it related.

*Judgment on the verdict.*