ORRIS G. HALL *vs.* DORCHESTER MUTUAL FIRE INSURANCE COMPANY.

A. B., having a policy issued by an insurance company on his property, payable, in case of loss, to a mortgagee, on which a total loss had occurred, executed and delivered to J. S., an attorney who held claims of M. N. and others against him, an order, by which he requested the company to pay to "J. S., attorney of M. N. and others," the balance due on the policy after paying the mortgagee; and in consideration thereof J. S. forbore to press the claims. The company, though having notice of this order, paid said balance to A. B. on his assurance that the order amounted to nothing. *Held,* that J. S. could maintain an action in the name of A. B. to recover the balance from the company.

CONTRACT in the name of Orris G. Hall for the benefit of William H. Perrin, on a policy of insurance issued by the defendants upon the property of Hall, "payable in case of loss to the Cape Ann Savings Bank, to the amount of their claim as mortgagees." The case was submitted to the judgment of the Superior Court, on an agreed statement of facts, of which the material part was as follows :

The defendants made the policy declared on. On April 6, 1871, the property insured was wholly destroyed by fire, and on the next day William H. Perrin, an attorney at law, who had claims in favor of John F. Wonson, and other persons, against Hall, amounting in the whole to about $500, obtained from Hall an order on the defendants, as appears by the order or assignment on the policy, in the following words : "April 17, 1871. The Dorchester Mutual Fire Insurance Company will please pay to the order of William H. Perrin, attorney of Wonson and others, the amount due on the within policy, after paying to the Cape Ann Savings Bank the amount due them on mortgage. Orris G. Hall." The order was in consideration of re-

leasing attachments already made on the real estate of Hall on account of some of said claims, and forbearing to sue others and to summon the defendants as trustees. After the order was given to Perrin, William F. Temple, secretary of the defendants, went to Gloucester on April 15 to adjust and pay the loss under the policy, where he found Hall, went with him to the office of the Cape Ann Savings Bank, and paid to Alfred Presson, the treasurer of the bank, the amount of the claim of the bank as mortgagees. At the time, Presson called his attention to the order to Perrin, and told him that Perrin was but a short distance off, and he had better see him. Hall, who was present, said in substance that the order to Perrin did not amount to anything, and that he had revoked it; and he requested Temple to pay him the sum left after paying the amount of the claim of the bank, which he did. Some days after Perrin demanded the payment of said sum, which was refused by the defendants. At the time Temple paid Presson, he had the policy, with the order upon it, before him, and saw the order and said the company were not bound by it. The only question raised was whether the order or assignment from Hall to Perrin on April 7, 1871, bound the defendants to pay the balance to Perrin instead of to Hall.

The Superior Court ordered judgment for the plaintiff, and the defendants appealed.

*C. P. Thompson,* for the plaintiff.

*H. H. Smith,* for the defendants.

CHAPMAN, C. J. The order of Hall to Perrin upon the defendants, being for the whole amount due from the defendants, was an assignment, and was valid without an acceptance. *Adams* v. *Robinson,* 1 Pick. 461. *Kingman* v. *Perkins,* 105 Mass. 111. It was made upon a valid consideration, Perrin being an attorney at law, and having in his possession several claims against Hall, the assured, for collection, and the instrument being made payable to him as their attorney. It is to be presumed without evidence that the taking of such a security was within the scope of his instructions, and whatever he should receive would be in trust for his clients. The statement that Perrin "obtained from

Hall" this instrument, "as appears by the order or assignment on the policy," and the recital that it was given to Perrin, imports that it was delivered to him.

The fact that the policy had previously been delivered to the Cape Ann Savings Bank, it being made payable to them to the amount of their claim as mortgagees, is not inconsistent with the assignment and delivery of the instrument written upon it; for the assignment was expressly made subject to that mortgage, and it would be proper, after executing it, to return the paper to the mortgagees, in order that their claim might be first paid. And the statement of facts imports that they allowed Hall and Perrin to take possession of it long enough at least to execute and deliver the assignment. Temple, the defendant's secretary, who paid the policy, was notified at the time when he paid the amount due on the mortgage of the existence of the instrument, not only by Presson, but by Hall himself, who admitted to him that he had made it. Temple paid the amount to Hall upon his assertion that he had revoked the assignment, and his request that the balance due on the policy should be paid to him. But his statement could not affect the rights of Perrin, nor give him any authority to receive the money. The defendants still held it in trust for Perrin, and have paid it away incautiously, and the payment is no defence to this action. *New England Bank* v. *Lewis*, 8 Pick. 113. The action is properly brought in the name of Hall, and the equitable rights of the assignee will be protected.

*Judgment for the plaintiff.*