AUGUSTUS B. FOSS, administrator, *vs.* LOWELL FIVE CENTS SAVINGS BANK.

A depositor in a savings bank gave the bank book and an order for payment of the deposit to her daughter, who notified the bank. The depositor afterwards died, and the bank paid the amount of the deposit to the administrator. *Held,* that the daughter could recover the amount of the deposit in an action against the bank, brought in the name of the administrator for her benefit, without his assent.

In an action against a savings bank, brought in the name of an administrator, the declaration alleged a deposit of a certain sum by the plaintiff's intestate, her receipt from the defendants of a book certifying the deposit, their promise to pay the amount to her, her assignment of the book and fund to her daughter, for whose benefit the suit was brought, and that the defendants owed the plaintiff, for the daughter's benefit, said sum and interest. The answer denied the allegations of the declaration, and that the defendants owed the plaintiff for the benefit of the daughter said sum, or any sum. *Held,* that under these pleadings it was not open to the defendants to contend that they had assented to the assignment, and that tnerefore the action should have been brought in the daughter's own name.

CONTRACT, by the administrator of the estate of Parthenia Foss. The declaration was as follows " And the plaintiff says

that his intestate, Parthenia Foss, during her lifetime, deposited in the bank of the defendants the sum of $486.42, and received therefor a book certifying such deposit, and the defendants promised to pay the same on demand with interest; and that the plaintiff's intestate, during her lifetime, assigned and delivered to Abra J. Hubbard, for whose benefit this suit is brought in the name of the administrator of said Parthenia, said book and the sum therein stated as deposited, wherefore the plaintiff says the defendants owe him, for the benefit of said Abra J. Hubbard, said sum of $486.42 and interest thereon."

The answer was as follows : " The defendants say that this suit was not commenced by the authority of said Foss, and they deny each and every allegation in the writ and declaration contained, except that said Foss is administrator ; and they say that if said Parthenia deposited any money, they have paid the same and the income thereof, to the extent of $500, to said Foss, administrator, and they deny that they owe the plaintiff, for the benefit of said Abra J. Hubbard, said sum of $486.42 with interest thereon, or any part of said sums."

At the trial in the Superior Court, before *Pitman,* J., it appeared that the intestate was the wife of the plaintiff ; that she made the deposit with the defendants and received a bank book, as alleged ; that she gave to Abra J. Hubbard, who was her daughter, the bank book, with an order to the defendants to pay Abra J. Hubbard or order the whole amount, principal and interest, due to her on the book, intending thereby to give her the money deposited ; that Abra J. Hubbard took the book and order to the bank, and handed them to the clerk, who noted on the book the fact that the order was given, kept the order, and returned the book ; that she then said she wanted the book transferred ; that the clerk told her that it was all right, and just the same as if she drew the money and put it in her own name ; that the intestate afterwards died ; that the plaintiff was appointed administrator of her estate, and the defendants paid the deposit and interest to him ; and that this suit was brought without his assent.

Upon these facts the judge, by consent of parties, reported the case, before verdict, for the consideration of this court. If the plaintiff could not maintain the action on the above facts, judgment to be rendered for the defendants ; otherwise the case to stand for trial under such directions as this court might give.

*G. Stevens & W. H. Anderson,* (*J. N. Marshall* with them,) for the plaintiff.

*D. S. Richardson & G. F. Richardson,* for the defendants.

GRAY, J. The delivery of the book and order by the mother to the daughter constituted a valid gift *inter vivos ;* and this gift, being notified to the bank, was a complete assignment of her right to the fund. *Kingman* v. *Perkins,* 105 Mass. 111. *Kimball* v. *Leland,* 110 Mass. 325. The assignee could not indeed sue the bank at law in her own name, unless the bank expressly promised to pay the amount to her ; but the assignment gave her the right to sue in the name of the assignor, or, after her death, of her administrator, with or without his consent ; and the payment by the bank to him after notice of the assignment could not affect the rights of the assignee. *Jones* v. *Witter,* 13 Mass. 304. *Rockwood* v. *Brown,* 1 Gray, 261. *Riley* v. *Taber,* 9 Gray, 372.

The point, made in argument, that if the fund had been duly assigned to her, and sufficient notice given to the defendants, the action should have been brought in her name, is not open under the pleadings. The only allegations of fact made in the declaration and denied in the answer, are of the deposit by the mother, her receipt from the defendants of a book certifying the deposit, their promise to pay the amount to her, and her assignment of the book and fund to the daughter. The allegation in the declaration, and denial in the answer, that the defendants owe the amount to the plaintiff for the benefit of the daughter, are mere conclusions of law. *Hollis* v. *Richardson,* 13 Gray, 392. *Framingham Bank* v. *Gay,* 9 Gray, 241. If the defendants intended to rely upon the dealings between their clerk and the daughter as amounting to a promise to pay the fund to her, whereby their original obligation to the depositor was discharged, they should have pleaded it. Gen. Sts. *c.* 129, § 20. *Howard* v.

*Hayward*, 16 Gray, 354, 358. *Cushman* v. *Davis*, 3 Allen, 99. The action appearing on the face of the declaration to be brought for the benefit of the daughter, and being actually carried on by her, a recovery therein will bar any subsequent suit in her name against the bank for the same amount. *Rogers* v. *Haines*, 3 Greenl. 362.                              *Case to stand for trial.*