WELCOME A. THAYER vs. JOHN M. DANIELS.

As to third persons, the assignment of a chose in action is valid without notice to the debtor.

Upon a bill in equity by a creditor to obtain the payment to him of a judgment due the debtor, it appeared that the debt of $80 upon which it was founded had been assigned before judgment to secure a debt of $126 which was also secured by mortgage, but it did not appear that the mortgaged property was of more value than the excess of the debt secured by it over the assigned debt. *Held*, that the assignee was not obliged first to resort to the mortgaged property.

Upon a bill in equity by a creditor to obtain the payment to him of a judgment due the debtor, it appeared that execution had issued at the time of filing the bill and was in the possession of the debtor's attorney. *Held*, that by Gen. Sts. c. 121, § 37, the attorney had a lien thereon for his taxable costs.

BILL IN EQUITY alleging that the plaintiff December 10, 1872, recovered judgment against John M. Daniels, one of the defendants, for $707.37 damages and $103.12 costs, which had been but in part satisfied, leaving due at the time of the filing of the bill $692.11, with interest from the date of the judgment; that John M. Daniels had no property which could be come at to be attached or taken on execution for its payment; that John M. Daniels had recovered a judgment against Mahlon M. Daniels, the other defendant, for about $80 damages and $120 costs of suit; that no execution had been issued on this judgment; that the sum due upon it could not be reached by any process of law; that John M. Daniels was about to take out execution and collect the judgment for his own use, and that he did not intend to apply it to the payment of the debt due to the plaintiff.

The bill prayed for an injunction and that Mahlon M. Daniels might be decreed to pay the judgment in part satisfaction of the plaintiff's claim.

John M. Daniels filed an answer admitting that the plaintiff was his creditor as set forth in the bill, and that he had no property which could be taken on execution, but stating that he was not the owner of the judgment against Mahlon M. Daniels, and had no interest in it; that before the filing of the bill he had assigned it for a valuable consideration to Aaron C. Cook; that Silas A. Burgess, an attorney at law, had also a lien upon it to

the amount of $124.82 for fees and disbursements for prosecuting the suit in which it was obtained to final judgment.

Upon this answer the plaintiff joined issue. Burgess and Cook also appeared and made claim, and were admitted as parties to the suit.

The case was referred to a master, who reported that he found all the allegations of the bill to be true, except the one that John M. Daniels was about taking out execution and collecting it for his own use. As to the special matters of defence set up in the pleadings, he found that the assignment (as to the form of which there was no question) was executed and delivered to Aaron C. Cook somewhere between January 6 and January 10, 1873, and that the action named in it had been pending since February, 1871, and was for the rent of a farm and for goods sold ; that at the time of the assignment Cook engaged the services of Burgess, who had had charge of the action, to prosecute it to final judgment, and gave him $20 to pay the auditor's fees, which were a part of the costs already accrued; that in February, 1871, one Thayer had attached property of John M. Daniels, and he, in order to secure its release, got Cook to give his receipt for it to the officer; that to secure Cook he gave him a mortgage of personal property, which was still held by Cook undischarged ; that at the time the assignment was given to Cook, he paid $126 upon the execution that issued upon the judgment recovered by Thayer in the suit in which the receipt was given ; that this was paid to the attaching officer in the suit on his demand made upon Cook as receiptor, and still remained due to Cook ; that Cook testified that the assignment was made to take the place of some of the property named in the mortgage which had got scattered; that soon after the delivery of the assignment to Cook, he handed it to Burgess, for collection ; that the assignment was given Cook as collateral security for the payment of the $126, which he had paid the officer ; that it never had been recorded, and that no notice, actual or constructive, had been given to the plaintiff Thayer, or to Daniels the debtor, till after the plaintiff's bill was filed and served on the defendant; that Burgess was the plaintiff's attorney in the suit ; that the taxable costs allowed by the

clerk amounted to $124.42; that Burgess had received from the plaintiff nothing except $20, which was paid to the auditor; and that execution had been taken out by Burgess and placed in the hands of an officer before the filing of the bill in equity.

The case was reserved for the full court upon the bill, answer, claims of Cook and Burgess, and the master's report.

*T. G. Kent*, for the plaintiff.

*S. A. Burgess*, for the claimants and the defendant John M, Daniels.

DEVENS, J.  It is contended on behalf of the plaintiff, who is a creditor of J. M. Daniels, that inasmuch as no notice was given to Mahlon M. Daniels, before the filing of this bill, of the assignment of the claim against him and the suit brought thereon either by the assignor J. M. Daniels or Cook the assignee, the title of Cook had not been perfected, and, even if he was an assignee for a valuable consideration, that Cook is not entitled to hold the judgment and the avails thereof against the plaintiff.

The rule in England would seem to be that as between successive purchasers of a chose in action he will have the preference, who first gives notice to the debtor, even if he be a subsequent purchaser.  Adams Eq. 53.  *Dearle* v. *Hall*, 3 Russ. 1. *Loveridge* v. *Cooper*, 3 Russ. 30.  *Foster* v. *Blackstone*, 1 Myl. & K. 297.  *Meux* v. *Bell*, 1 Hare, 73.

Such however has not been the rule adopted in this state, where it is well settled that the assignment of a chose in action is com plete upon the mutual assent of the assignor and assignee, and does not gain additional validity as against third persons by notice to the debtor.  The principles which would govern in the trustee process must determine the case upon this point.  In *Dix* v. *Cobb*, 4 Mass. 508, 512, Parsons, C. J., says, "an attaching creditor cannot stand on a better footing than his debtor (if the assignment be not fraudulent as to creditors), and if he attaches any property of his debtor, it must be attached subject to all lawfully existing liens created by his debtor.  And consequently if his debtor have no equitable interest in a chose in action, the creditor cannot acquire any by his attachment.  There-

fore the want of notice in the trustee will not defeat the assignee's interest in this debt in favor of an attaching creditor." This doctrine has been repeatedly recognized. *Wakefield* v. *Martin,* 3 Mass. 558. *Wood* v. *Partridge,* 11 Mass. 488. *Providence County Bank* v. *Benson,* 24 Pick. 204. *Martin* v. *Potter,* 11 Gray, 37. *Richards* v. *Smith,* 9 Gray, 315. *Kingman* v. *Perkins,* 105 Mass. 111.

It is further argued for the plaintiff that as the payment of the sum of $126 advanced by Cook at the time of receiving the assignment operated to relieve him from his liability as receiptor, to indemnify him for which he had received a mortgage still undischarged of the personal property of J. M. Daniels, he has a double security for the same debt, and should not be allowed to receive the avails of the chose in action assigned to him, but be compelled to resort to the mortgage. But there is nothing inequitable in permitting a creditor to take two securities for the same debt, and in allowing him to resort to either at his election until his debt is paid, certainly where no just rights of others are prejudiced thereby. In the case before us, it appears that a debt of about $80 was assigned to Cook at the time he advanced the sum of $126, and there is nothing to show that the mortgaged property is of more value than the amount over and above the debt that would still be due to Cook on account of the liability he had incurred as receiptor for J. M. Daniels.

The plaintiff also contends that his rights are not to be affected by any claim for costs in the suit of J. M. Daniels against M. M. Daniels, and that so much of the judgment in that action as exceeds the sum of $126, although it is made up from the costs in the case, should be paid to him. Were there no attorney's lien for them, it would seem reasonably clear that Cook, the assignee, would have a right to retain not only the avails of the chose in action to the amount of the debt it was assigned to secure, bu also the costs included in the judgment, which he had necessariiy been obliged to incur in order to obtain it. At the time of fil. ing this bill, however, the suit had already been prosecuted tc final judgment, the execution issued upon it was in the lawful

possession of the attorney, and by the statute he is entitled to a lien thereon for his taxable costs. Gen. Sts. c. 121, § 37. *Woods v. Verry*, 4 Gray, 357.        *Bill dismissed.*