HARRY D. HALL & another *vs.* BOSTON PLATE AND WINDOW
GLASS COMPANY.

Suffolk.   November 14, 15, 1910. — January 4, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Assignment,* Of wages.

Under St. 1906, c. 390, which provides that no assignment of future wages shall be
binding upon the employer of the assignor until a copy of it and an accurate
statement of the account between the assignor and the assignee have been de-
livered to the employer, if an employee makes an assignment of his wages to
one who does not give notice thereof to the employer until after the employer
has received the notice and the copies required by the statute from another
who, at a later date than that of the assignment previously mentioned and
without knowledge of it, had received from the assignor a like assignment, the
earlier assignment is rendered invalid as against the subsequent assignment
and the employer is justified in paying the assignor's wages to the second
assignee during the time covered by the second assignment.

An employer who has been given the notice required by St. 1906, c. 390, § 2, of an
assignment of his wages by an employee, is not bound to see to the appropria-
tion of sums paid to the assignee in accordance with such assignment, and is
justified in paying such wages to the assignee so long as the assignment con-
tinues in force in spite of the fact that, if all of the sums so paid were applied
by the assignee toward payment of the debt to secure the payment of which the
assignment was given, the debt would have been paid before the end of the
period covered by the assignment.

CONTRACT for the amount of the wages earned by one Albert
S. Does while he was in the employ of the defendant from June
25, 1909, to August 14, 1909, which were alleged to have been
assigned to the plaintiff by an instrument dated August 17, 1908.
Writ dated September 24, 1909.

In the Superior Court the case was heard by *Lawton,* J., with-
out a jury, on an agreed statement of facts which authorized
the court to draw inferences of fact therefrom.

The assignment to one George E. Hills, referred to in the
opinion, was as follows :

" Know all men by these presents, That I Albert. S. Does of
Winthrop, in the County of Suffolk for a valuable consideration
to me paid by George E. Hills of Boston in the County of Suf-
folk, and Commonwealth of Massachusetts, the receipt whereof
I do hereby acknowledge, do hereby assign and transfer to said

George E. Hills all claims and demands (which I now have, and all) which within a period of two years from the date hereof I may and shall have against my present employer, and against any person whose employ I shall hereafter enter, (for all sums of money due) for all sums of money and demands which, at any time within said period may and shall become due to me, for services as Clerk or otherwise. To have and to hold the same to the said George E. Hills, his executors, administrators and assigns, to secure a debt (1) of eight hundred and forty-four dollars (with interest thereon from date, at the rate of 5% per annum) for money actually furnished by the assignee amounting to $844. (2) Contracted simultaneously with the execution of this assignment. In witness whereof, I have set my hand this ninth day of January, 1909. Albert S. Does. Signed and delivered in presence of E. V. Morrison."

Other facts are stated in the opinion.

The presiding judge found for the defendant; and the plaintiff appealed.

*L. A. Charlton,* for the plaintiffs, submitted a brief.

*G. E. Hills,* for the defendant.

MORTON, J. This case was heard upon agreed facts with power to draw inferences. The judge found for the defendant and the plaintiffs appealed.

It appeared that one Does, who was in the employ of the defendant, made an assignment of his wages on August 17, 1908, to the plaintiffs for two years, to secure a debt of $217.50 due from him to them. No notice of the assignment was given by the plaintiffs to the defendant, as required by St. 1906, c. 390, until June 25, 1909, and the assignment was not recorded until August 2, 1909. On January 9, 1909, Does, who was still in the employ of the defendant, made another assignment of his wages, also for two years, to one Hills to secure a loan of $844 with interest at five per cent per annum. Hills had no notice of the prior assignment. He was informed by Does that there was no outstanding earlier assignment, and upon inquiry of the defendant was told that they had no notice of any. He also examined the records of the town of Winthrop, where Does lived, and found no assignment on record. Thereupon he made the loan and took the assignment aforesaid and caused it to be recorded

in the town clerk's office of Winthrop on January 11, 1909, and on January 13, 1909, he gave notice of it to the defendant and did all the things required by St. 1906, c. 390, to make it binding on them. The defendant paid Hills each week, beginning on January 16, the wages due to Does until he left their employment August 14, 1909. On June 25, 1909, the day on which the plaintiffs gave notice to the defendant of their assignment, Does owed the plaintiffs $131.76, and that is the amount which they seek to recover of the defendant in this action. On September 9, 1909, they duly demanded of the defendant payment of the same. The plaintiffs make no claim to any of the wages of said Does accruing before June 25. On said June 25, and also at the date of the agreed facts the amount owed by Does to Hills largely exceeded the amount of the plaintiffs' claim. The wages of Does were $34.61 a week and were more than sufficient in amount, as stated in the plaintiffs' brief, to have paid the sum lent by Hills to Does to secure the payment of which the assignment was given by Does to Hills.

St. 1906, c. 390, is entitled "An Act relative to the assignment of wages," and by § 6, "All acts and parts of acts inconsistent herewith are hereby repealed." Section 1 provides that no assignment of future wages shall be valid for a period exceeding two years from the date thereof, nor unless certain specified requirements are complied with. Section 2 provides that no such assignment shall be valid unless a copy is delivered to the assignor by the assignee at the time of the execution of the assignment, and that it shall not be binding on the employer of the assignor until a copy of it and an account conforming to the requirements thereinafter stated shall have been delivered to the employer. The plain implication of what is required to be done in order to make the assignment binding on the employer is that if that is done the assignment shall be binding on the employer according to its terms. This is borne out by the provisions in § 5 that "An assignment of wages made in accordance with the provisions of this act shall bind all wages earned by the assignor within the period named in such assignment." The effect of the statute is, therefore, to render invalid as against a subsequent assignment where the requirements of the statute have been observed, a prior assignment where the requirements

of the statute have not been observed. The matter being one of statutory regulation, cases like *Thayer* v. *Daniels*, 113 Mass. 129, on which the plaintiffs rely, which deal with conflicting assignments at common law, do not apply. It follows from the construction which we have given to the statute that the defendant was justified in paying over the wages to Hills after it received notice from the plaintiffs of their assignment. Upon its execution in accordance with the requirements of the statute the assignment to Hills operated to transfer to him the wages earned by Does, while in the employ of the defendant, during the time covered by the instrument. See *Citizens Loan Association* v. *Boston & Maine Railroad*, 196 Mass. 525. And so long as it continued in force the rights and obligations of the parties could not be affected by an invalid assignment previously made. Nor could validity be given to such invalid assignment as against one subsequently properly made, by attempting to comply later with the requirements of the statute. The rights of the parties were fixed once for all, so far as these proceedings are concerned, by the execution of a valid assignment to Hills.

The defendant was not bound to see to the appropriation of the wages paid to Hills by them. The only question is whether they were justified in paying them to Hills, and, as we have already said, we think that they were. Whether the plaintiffs have any remedy by means of a trustee process summoning Hills as trustee or otherwise to compel an accounting as between Hills and Does, it is not necessary now to consider.

*Judgment affirmed.*