MEDFORD TRUST COMPANY *vs.* EDWIN T. McKNIGHT & others, WILLIAM SHAW McCALLUM, claimant.

COMMISSIONER OF BANKS *vs.* JOHN E. EATON & another, WILLIAM SHAW McCALLUM, claimant.

Suffolk.    November 22, 1932. — February 20, 1933.

Present: RUGG, C.J., CROSBY, FIELD, & LUMMUS, JJ.

*Assignment.    National Bank.    Coöperative Bank.    Attachment.*

There being no Federal or State statutory provision to the contrary, an assignment in writing, in payment for services rendered, of an account standing in the name of the assignor in the savings department of a national bank in this Commonwealth, upon its being shown to a teller of the bank who made a note of it, was valid as between the assignor and the assignee as against a subsequent attachment in an action brought by trustee process by a creditor of the assignor against the assignor as defendant and the bank as trustee, although the assignee had not obtained the pass book representing the deposit and a by-law of the bank provided that no assignment or transfer of a pass "book will be recognized unless recorded on the books of the Bank"; the rules of the bank with reference to the recording of assignments on the books of the bank were fully complied with by the claimant.

A by-law of a coöperative bank providing that shares therein "may be transferred subject to the approval of the Treasurer or Board of

Directors, to another person upon payment of a fee of twenty-five cents for each transfer," and a ruling of the board of directors, stated in a pass book and reading as follows: "In making payments or filing notice to withdraw, the pass-book must be presented," did not render invalid as between the assignor and the assignee an assignment by the holder of shares therein, for a valuable consideration, of "all and whatever sum or sums of money now due and becoming due to" the assignor from the bank, and of all the assignor's "right, title and interest in and to" his shares "with the right to surrender said Shares and receive either in our name or names or your own payment or redemption therefor," although the assignee at the time of the assignment did not receive the pass book and paid no transfer fee to the bank; and where the assignee presented the assignment to the bank before service upon the bank of a writ in trustee process by a creditor of the assignor against the assignor as defendant and the bank as trustee, his rights under the assignment were superior to those of the plaintiff under the attachment.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk with a writ of trustee process dated December 26, 1931, and described in the opinion. Also, an action of

CONTRACT. Writ dated January 14, 1932.

An intervening petition of William Shaw McCallum in the suit in equity was heard by *Pierce*, J. Material evidence and a decree entered by order of the single justice are described in the opinion. The plaintiff appealed.

The claim of the claimant in the action of contract was heard in the Superior Court by *Macleod*, J., without a jury. Material evidence there appearing, and the rulings and order by the trial judge, are described in the opinion. The plaintiff alleged exceptions.

*J. G. Bryer*, for Medford Trust Company.

*D. W. Corcoran*, for commissioner of banks.

*R. A. Cutter*, for the claimant.

CROSBY, J. The first case is a suit in equity by which the plaintiff seeks to recover a certain deposit in The First National Bank of Boston standing in the name of John E. Eaton and Edwin T. McKnight, copartners doing business under the firm name of Eaton and McKnight. William Shaw McCallum on March 4, 1932, filed a petition praying that he be admitted as a party, claiming the deposit by virtue of a written assignment thereof. This petition was

allowed. The second case is an action of contract brought by the commissioner of banks against said John E. Eaton and Edwin T. McKnight, in which the Codman Cooperative Bank is summoned as trustee, and the above named McCallum, who claims that a certain deposit therein standing in the name of the principal defendants is his property, has been admitted as a party.

1. The first case was heard by a single justice of this court. There was evidence tending to show that the claimant and one William P. Kelley acted as attorneys for Eaton and McKnight in connection with certain proceedings brought against them, and, in payment for services rendered and to be rendered, Eaton and McKnight on December 16, 1931, delivered to the claimant a written assignment from themselves as individuals and as copartners of "all and whatever sum or sums of money now due and becoming due to us or either or all of us as individuals and/or partners as aforesaid from The First National Bank of Boston and/or from Codman Cooperative Bank and all our right, title and interest in and to twenty (20) Shares of said Cooperative Bank with the right to surrender said Shares and receive either in our name or names or your own payment or redemption therefor." This assignment was dated December 15, 1931. It is the contention of the claimant that he is entitled by virtue of the assignment to certain savings accounts in The First National Bank of Boston standing in the name of Eaton and McKnight in the sum of $6,003.53. It appeared that the pass books issued by the bank containing the record of these deposits could not be found by the assignors and have not been delivered to the claimant. There was evidence that two or three days after the assignment was received by the claimant he went to the bank and showed it to one of the tellers and requested her to make a note of it. On March 1, 1932, notice in writing of the assignment was given to the bank. The plaintiff Medford Trust Company filed a bill in equity inserted in a writ against Eaton and McKnight and others on December 26, 1931, making an attachment on December 30, 1931, of the credits in The First National Bank of Boston belonging to Eaton and McKnight individually or as co-

partners.   The bank filed an answer reciting that it held an account in the name of Eaton and McKnight in the sum of $6,003.53, and further answered that on March 1, 1932, notice in writing was given to it of the assignment.   The claimant on March 4, 1932, filed a petition reciting the facts and praying that he might be admitted as a party to the suit, and that he be entitled to these deposits amounting to $6,003.53.   At the hearing before the single justice certain rules of the savings department of the bank were admitted in evidence which so far as material read as follows:  "This book must be presented whenever a deposit is made or money withdrawn.   Should the depositor desire any other person to withdraw money, this book must be sent to the Bank together with an order on a separate paper in the form prescribed in the back of this book. . . . No assignment or transfer of this book will be recognized unless recorded on the books of the Bank, and no responsibility for the validity of any assignment is assumed by the Bank.   The Bank will not be responsible for any payments made on this book in case it is lost or stolen, unless written notice of such loss or theft has previously been received by the Bank.   In all cases, except as above, payment upon presentation of the pass book shall be a discharge to the Bank for the amount so paid."   After hearing, a decree was entered reciting that the funds in the bank belonged to the claimant by virtue of the assignment and that the same be paid to him, from which decree the plaintiff Medford Trust Company appealed.

2. In the second case it appears that the sum of $502.32, represented by certain shares in the Codman Cooperative Bank, at the time of the service of the trustee writ on the bank stood in the name of the principal defendants; that the claimant held the assignment in writing hereinbefore referred to dated December 15, 1931.   The pass book issued by the bank was not delivered to the claimant at the time of the assignment, but afterwards, and before service of the trustee writ, the claimant presented the assignment to the bank and the bank refused to transfer to the claimant the shares in its possession because the assignment was not accompanied by the pass book which at that time

could not be found. Some days after the trustee writ was served the claimant presented the assignment to the bank, together with the pass book, but payment was refused by the bank because the trustee writ had previously been served upon it. Evidence was admitted of a by-law of the bank which read: "Article X. Transfer Fees. One or more shares, held in the name of one person in any one series of stock, may be transferred subject to the approval of the Treasurer or Board of Directors, to another person upon payment of a fee of twenty-five cents for each transfer." There was also a ruling of the board of directors as stated in the pass book which read as follows: "In making payments or filing notice to withdraw, the pass-book must be presented." No fee was tendered or paid to the bank by the claimant. The trial judge ruled that the claimant was entitled to the amount standing in the name of the defendants.

The first question to be decided is whether the assignment of the savings account in The First National Bank of Boston and the account in the Codman Cooperative Bank vested the title in these deposits in the claimant as against the attachments of these deposits, without the delivery by the assignor of the pass books containing statements of the accounts, it being shown that the pass books have been lost. The pass book issued by The First National Bank of Boston had not been found before the hearing was held in the first case. The pass book in the Codman Cooperative Bank was found after the trustee process had been served and it was presented by the claimant, together with the assignment, to the bank.

National banking associations are authorized to receive savings deposits under U. S. Rev. Sts. § 5136, as amended by 42 U. S. Sts. at Large, 767, c. 257, § 1, and 44 U. S. Sts. at Large, 1226, c. 191, § 2; and 44 U. S. Sts. at Large, 1232, c. 191, § 16. The Federal statutes make no provision respecting pass books on savings accounts. A savings deposit in a national bank may be assigned by the depositor, except so far as provisions of the by-laws of the bank may regulate or limit the assignment. It follows that

the Federal statutes constitute no bar to the validity of the assignment of the deposits in The First National Bank of Boston as between the assignors and the claimant.

G. L. (Ter. Ed.) c. 170 relating to coöperative banks provides in § 6 that "The shareholders of every such corporation shall make and adopt the necessary by-laws consistent with law for the government of its affairs . . . The by-laws shall provide for and determine . . . (l) The manner of transferring shares and the fee therefor." Section 12 provides in part as follows: "The capital to be accumulated shall be unlimited and shall be divided into shares . . . ." Section 16 (since amended by St. 1932, c. 292, § 1), provides, in part, that a shareholder upon giving thirty days' written notice to the treasurer may withdraw unpledged shares. Such shareholder "shall be paid the balance remaining after deducting from the amount then standing to the credit of the shares all fines, any other charges legally incurred, and such part of the profits credited thereto, as the by-laws may prescribe"; but at no time shall more than one half of the funds in the treasury be applicable to the demands of withdrawing shareholders without the consent of the directors.

An assignment in a national bank or coöperative bank is valid as between the assignor and assignee as against a subsequent attaching creditor although the assignee does not obtain the pass book representing the deposit. *Kingman* v. *Perkins*, 105 Mass. 111. See also *Dix* v. *Cobb*, 4 Mass. 508, 512; *Thayer* v. *Daniels*, 113 Mass. 129; *Commonwealth* v. *Scituate Savings Bank*, 137 Mass. 301; *James* v. *Newton*, 142 Mass. 366. In *Taft* v. *Bowker*, 132 Mass. 277, it was held that the delivery of a savings bank book without a written assignment to be held as collateral security for the payment of a debt conveys an equitable title to the deposit which will prevail against a subsequent attachment by trustee process. See *Cosmopolitan Trust Co.* v. *Leonard Watch Co.* 249 Mass. 14, 19. The defendants having assigned the accounts to the claimant without delivery of the pass books were obliged to deliver the pass books to the claimant if later they were found. The assignment was sufficient to pass to the claimant

all interest the defendants had in the pass books. *Kimball v. Leland,* 110 Mass. 325, 328. The evidence warranted a finding that the rules of The First National Bank of Boston with reference to the recording of assignments on the books of the bank were fully complied with by the claimant by seasonably notifying its teller of the assignment, and at the same time exhibiting it to the teller. The purpose of the rules was to protect the bank in making payment to the depositor before it had notice of an assignment.

In the case of the Codman Cooperative Bank, the rule requiring the payment of a fee of twenty-five cents for each transfer of a share or shares on the books of the bank does not in terms prevent an assignment of the shares from the defendants to the claimant, nor can it reasonably be inferred that it does. Moreover, it appears that the claimant afterwards, and before any payment by the bank, delivered the pass book to the bank.

Neither bank in its answer sets up any claim that it is relieved from liability to pay the deposits to whoever is rightfully entitled thereto because of failure to comply with any rule or regulation of the bank. It is plain that the assignment passed title to the claimant as to the deposits in both banks, that the delivery of the pass books upon the undisputed evidence was not essential, and that the assignment was founded upon a valid consideration.

The final decree in the first case is affirmed with costs. In the second case the exceptions are overruled, and the order directing payment of the account in the Codman Cooperative Bank to the claimant is affirmed.

*Ordered accordingly.*