ALPHILD L. DePASQUA & another *vs.* AXEL BERGSTEDT, executor, & another.

Plymouth.   January 9, 1969. — April 24, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Gift.   Joint Tenants.   Personal Property*, Joint tenants.

The facts, that a depositor in a savings bank transferred the deposit to a new account in the name of the depositor "or" another named person, "Payable to either or the survivor," and that the second person on that day signed a signature card for the joint account, required a conclusion that the depositor had a donative intent and had made a completed gift of a joint interest in the new account, and on the depositor's death some years later the second person was entitled to the proceeds of the new account, notwithstanding that the depositor had retained control of the bank book until his death and had made statements subsequent to the establishment of the new account indicating an intent that its proceeds should pass under his will.

PETITION IN EQUITY filed in the Probate Court for the county of Plymouth on June 8, 1964.

The suit was heard by *Lawton*, J.

*John J. Perenyi (Edward P. McDuffee* with him) for Robert Lundstrom.

*Warren H. Lindberg*, for the petitioners, submitted a brief.

REARDON, J.   The petitioners, Alphild L. DePasqua and Edna M. Swan, brought a petition in equity in the Probate Court to establish ownership of a savings bank deposit presently in the names of the decedent Victor G. Lundstrom and the respondent Robert G. Lundstrom.   There was a final decree that the account was an asset of the estate of Victor G. Lundstrom, from which the respondent Lundstrom appealed.

There was no dispute on the essential facts.   On October 17, 1958, Victor G. Lundstrom had an amount on deposit in the Brockton Savings Bank in an account numbered

37891. On that day he took the proceeds from this account and transferred them to a new account numbered 174141, opened in the name of "Victor G. Lundstrom or Robert G. Lundstrom," a notation being made on the book, "Payable to either or the survivor." The respondent Lundstrom signed a signature card for the joint account. Victor Lundstrom died on January 8, 1964, leaving by a will executed on September 29, 1963, his property in equal shares to the petitioners and to the respondent Lundstrom, each being a beneficiary of one third of the estate. There was testimony, over the respondent Lundstrom's objection and exception, from counsel who drew the testator's will to the effect that the testator intended by his will that the estate be split three ways, with the bank account to "go with it." The petitioner Alphild DePasqua testified that the testator had told her that "he had drawn up a will," and, again over the respondent Lundstrom's objection and exception, that the proceeds of the bankbook were to be split three ways under the will which he had executed.

On the request of the respondent Lundstrom, the judge rendered a report of material facts and the evidence is also before us. In his report the judge found that the testator "retained control of the bank book in issue until the time of his death" and that he made statements to his attorney "that his entire estate, including the joint savings account, was to be divided equally as set forth in his will." He further found that the decedent had made that intention known to the respondent Lundstrom and, following the execution of his will, also to the petitioner Alphild DePasqua. The question presented to us is whether evidence of statements made by the decedent subsequent to the establishment of the joint account is admissible to show an intention that the respondent Lundstrom surviving the decedent was not to take the account, and if such evidence be admissible whether on all the evidence before us the trial judge was plainly wrong. *Berman* v. *Coakley,* 257 Mass. 159, 162. *McKellar* v. *Hazen,* 325 Mass. 714, 719. *Jackson* v. *Chelsea Housing Authy.* 327 Mass. 423, 424.

1. The law on the subject of joint accounts in Massachusetts has been repeatedly stated over the years. *Castle* v. *Wightman*, 303 Mass. 74, 76–78. *Malone* v. *Walsh*, 315 Mass. 484, 486. *Kittredge* v. *Manning*, 317 Mass. 689, 692–693. It has been settled "that the transaction is taken at its face value unless the evidence shows that it was not so intended, that, while the contract of deposit is conclusive as between the bank and the other parties thereto, as between the parties other than the bank the form of the deposit does not settle the matter, and that it is open to the representative of the estate of the decedent to show by attendant facts and circumstances that he did not intend to make a present completed gift of a joint interest in the account." *Kittredge* v. *Manning, supra*, at pp. 692–693. See *Goldston* v. *Randolph*, 293 Mass. 253, 256–257. It thus appears that the initial burden to show that a gift was intended is not on the survivor, for if no contrary evidence is adduced the account will be his. See *Drain* v. *Brookline Sav. Bank*, 327 Mass. 435, 441. However, questions of the burden of proof are irrelevant here in the face of the finding by the judge for the petitioners. The respondent Lundstrom questions the admission in evidence of conversations on which the judge, as disclosed in his report of material facts, based his decision.

2. In *Kimball* v. *Leland*, 110 Mass. 325, 327, it was said "[n]othing is better settled than the rule that a grantor or assignor cannot defeat his own deed or assignment by declarations made after it has taken effect." The *Kimball* case dealt with a total assignment of a savings account and not the establishment of a joint account. It has been cited in support of the proposition that evidence of the nature admitted here is not admissible to defeat the title of the survivor to a joint account. Certain cases from other jurisdictions seem to bridge the gap from the fact situation in the *Kimball* case and the facts in this case. It has been elsewhere held that declarations of a donor made following execution of a will which tend to disprove the fact of a gift are not admissible. *In re Estate of Stang*, 71 Ill. App. 2d 314,

held, for instance, that evidence of a subsequent written will, purporting to dispose of property in a joint account, was not enough to sustain the burden on the estate of disproving donative intent. The survivor in that case was awarded the account against the estate. See *Barstow* v. *Tetlow,* 115 Maine, 96. See also *Holmes* v. *Sawtelle,* 53 Maine, 179. There is no comfort for the petitioners in G. L. c. 233, § 65, as amended through St. 1943, c. 232, § 1, which makes admissible declarations of deceased persons made in good faith and upon the personal knowledge of the declarant, nor in G. L. c. 233, § 66, which allows an executor or administrator, sued on an alleged promise of the testator or intestate, to introduce evidence of statements or acts of the testator or intestate tending to show the improbability of such a promise. On the assumption, without holding, that the proffered evidence was admissible under these sections, we are of opinion that it is insufficient to rebut the donative intent implicit in the creation of the joint account. *In re Estate of Stang, supra.*

3. There was no other evidence offered tending to contradict the showing that at the opening of the joint account a gift was made to the survivor. The final decree is reversed. Since the opening of that account was accompanied by donative intent, *Castle* v. *Wightman,* 303 Mass. 74, 78, delivery, *Drain* v. *Brookline Sav. Bank,* 327 Mass. 435, 440, and acceptance by the respondent Lundstrom in signing the signature card, a decree is to be entered that the proceeds in bankbook, Brockton Savings Bank, No. 174141, be turned over to the respondent Lundstrom. Costs are to be in the discretion of the Probate Court.

*So ordered.*