LOUIS FLAUGH, administrator, *vs.* FORREST C. PRATT & others. February 16, 1973. This bill is brought to determine the interests of the

---

[1] By the same plaintiff against Lillian Valinsky.

plaintiff's intestate in three bank accounts. The plaintiff has appealed from a final decree in favor of the defendants. The trial judge was right in holding that the plaintiff has no interest in the accounts. The donor of the accounts was Walter G. Pratt (Walter), the father of the intestate, Marion E. Flaugh (Marion), and of the defendant Forrest C. Pratt (Forrest). Walter opened the first account as follows: "Walter G. Pratt and Forrest C. Pratt and Marion E. Flaugh, as Joint Tenants with Right of Survivorship and not as Tenants in Common and not as Tenants by Entirety"; the second account as "Walter G. Pratt or Forrest C. Pratt or Marion E. Flaugh — Subject to Withdrawal of Whole or Part by Either, or the Survivor of Either"; and the third account as "Walter G. Pratt or Marion E. Flaugh or Forrest C. Pratt." Walter died; then Marion died. The evidence amply supports the judge's finding that, when he established these accounts, Walter intended to give a present interest in them to Forrest and Marion. *Kittredge* v. *Manning,* 317 Mass. 689. *DePasqua* v. *Bergstedt,* 355 Mass. 734. It is settled that a transaction of this kind is to be "taken at its face value unless the evidence shows that it was not so intended." *Kittredge* v. *Manning, supra,* at 692. *Malone* v. *Walsh,* 315 Mass. 484, 491. The evidence of what transpired among Walter and his children during his lifetime and after his death between the children themselves with respect to these accounts simply reënforces the conclusion that it was his intention at the outset to give them a present interest in the accounts. The first account established a joint tenancy among father, son and daughter; and Forrest as the survivor became the ultimate owner. Forrest and Marion became "quasi joint owners" with their father of the second and third accounts; and Forrest, as survivor, became entitled to those accounts or their proceeds. *Marble* v. *Treasurer & Receiver General,* 245 Mass. 504, 507-508. The final decree, modified by striking out the paragraph numbered three which dismissed the petition for declaratory relief, is affirmed.

*So ordered.*

*Gary W. Carlson* for the plaintiff.
*M. Arthur Gordon* for the defendant Forrest C. Pratt.