GEORGE L. GOLDSTON *vs.* ALBERT LEE RANDOLPH & others.

Middlesex.    October 29, 1935. — January 28, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Equity Pleading and Practice*, Report of material facts. *Gift. Bank and Banking*, Joint account. *Joint Tenants and Tenants in Common. Wills, Statute of. Trust*, Resulting. *Equity Jurisdiction*, Suit to enforce trust.

In a suit in equity, the judge's voluntary memorandum of findings, which appeared to be complete, was treated as the equivalent of a report of material facts under G. L. (Ter. Ed.) c. 214, § 23.

A completed gift of a joint interest in a savings bank account was made by an agreement between the donor, the donee, and the bank that thereafter it was to be the joint account of the donor and the donee, though the bank book was retained by the donor and still stood in his name alone at his request, and by the rules of the bank the donee could not have drawn against the account during the donor's life; such transfer was not an attempted testamentary transfer of the account.

If the owner by survival of a joint bank account transferred it without consideration to the estate of the deceased joint owner under the mistaken belief (induced by the attorney for that estate, though not fraudulently) that the transfer was but a step in the procedure necessary for the survivor later to obtain the deposit, the transferee took title upon a resulting trust for the survivor, and the latter was entitled to a decree in equity for the retransfer to him of the account as it stood at the time of his transfer.

A suit in equity lies without previous demand to compel retransfer to the plaintiff of property transferred to the defendant for a temporary purpose and no longer or never needed for that purpose.

BILL IN EQUITY, filed in the Superior Court on March 25, 1935, and heard by *Morton*, J.

The case was submitted on briefs.

*W. M. Blatt, M. Anapolsky, & H. M. Lewin*, for the defendants.

*E. P. Benjamin & G. M. Yaghjian*, for the plaintiff.

FIELD, J. This is a bill in equity brought by the plaintiff against Albert Lee Randolph and Vera Randolph (herein referred to as the defendants) as individuals and as executors under the will of Rosa Lee Randolph, deceased, and

the First National Bank of Malden to compel the defendants to transfer to the plaintiff an account in said bank formerly standing in the name of the deceased.

The trial judge filed a document entitled "Findings and Rulings" which was as follows: "I find that the account in the bank book in question was opened by the deceased in 1927. That on September 22, 1928, she took said book to the bank, requested that it be changed into a joint account with the plaintiff, who was present and assented to the changes. Both the deceased and the plaintiff signed the necessary papers, — a transfer and identifying signature card, as requested and approved by the bank. The bank book itself was not changed to correspond to transfer, and was kept thereafter by the deceased in her possession and control and all deposits and payments were made by her thereafter until her death, the account, however, still remaining on the books of the bank as a joint account.

"On August 14th, 1934, the plaintiff at the request of counsel for the defendants transferred said account to the estate of the deceased. The evidence did not satisfy me that said transfer was due to any fraud on the part of the defendants or their attorney. I do find, however, that the plaintiff, who had no knowledge of the law or procedure necessary to obtain his interest in the joint account, was led innocently to believe that such transfer was necessary in order at some time to assert his rights, and did not intend to transfer them permanently or to waive or surrender his rights to the account. No consideration was given for said transfer.

"I rule that under these circumstances there was a completed contract by the deceased with the bank, assented to by the plaintiff, by which upon the death of the depositor the plaintiff became the owner of the balance of the deposit, which amounted to $3,912.90 . . . .

"The defendants have withdrawn from said account a substantial amount and used it in improving the real estate left to them by the will, to wit, $669.26. I am not satisfied that such expenditure was with fraudulent intent or imposed a trust upon the property. But I do rule that they

must transfer said account as it stood at the time it was transferred to them or the estate, to the plaintiff. A decree is to be drawn accordingly."

At the request of the defendants the judge made the following additional findings: "At the time of the filing of the transfer and identifying signature card by the deceased she told an official of the bank that she did not wish the name of the plaintiff to appear on the bank book. . . . Unless the name of the plaintiff appeared on the bank book the plaintiff, under the rules of the bank would not have been allowed to draw from the account during the life of the deceased."

Thereafter a decree was entered whereby, after reciting certain facts found by the trial judge as set forth in his "Findings and Rulings," it was "ordered, adjudged and decreed that said defendants, Albert Lee Randolph and Vera Randolph, re-transfer to the plaintiff said account as it stood at the time it was transferred to them by the plaintiff." The defendants appealed. The printing of the testimony was waived by them.

The decree was right.

No question of the adequacy of legal remedy is raised by the pleadings. See *Pothier* v. *Doucette*, 276 Mass. 326, 332. Nor is it contended that the decree is not within the scope of the bill. Furthermore, the evidence is not before us. And there is no report of material facts under G. L. (Ter. Ed.) c. 214, § 23. But we treat the document entitled "Findings and Rulings" filed by the judge, together with the additional findings of fact made by him — which appear to state his conclusions fully — as a voluntary report of material facts having the same effect as a report under the statute. *Cohen* v. *Nagle*, 190 Mass. 4, 5. *Romanausky* v. *Skutulas*, 258 Mass. 190, 192. The decree, therefore, must be affirmed if the conclusions of fact of the trial judge are consistent with the specific facts found by him (*Goodyear Tire & Rubber Co.* v. *Bagg*, 292 Mass. 125, 127) and these conclusions, in connection with the specific facts found, support the decree. *Topor* v. *Topor*, 287 Mass. 473, 476. *Wyness* v. *Crowley*, 292 Mass. 459.

Two questions are presented for decision: (a) Did the plaintiff on the facts found become the owner of the balance of the deposit on the death of the deceased? (b) If the plaintiff became such owner at that time was he entitled on the facts found to a decree ordering the retransfer of the account to him by the defendants?

1. The plaintiff on the facts found became the owner of the balance of the deposit on the death of the deceased.

The judge, as a conclusion on this branch of the case, made a ruling, which was in substance a finding of fact involving a ruling of law (see *Medford Trust Co.* v. *Priggen Steel Garage Co.* 273 Mass. 349, 353–354), that on the death of the deceased the plaintiff became the owner of the balance of the deposit by reason of "a completed contract by the deceased with the bank, assented to by the plaintiff." This finding was substantially in the language used in *Perry* v. *Leveroni*, 252 Mass. 390, 393. This conclusion is consistent with the specific facts found with reference to the transaction between the deceased, the bank and the plaintiff whereby the deposit belonging to the deceased was "changed into a joint account with the plaintiff." And this conclusion, in connection with the specific facts found, imports that at the time of this transaction a present interest in the plaintiff in the deposit was created by a completed contract and that this interest ripened into full ownership of the balance of the deposit at the death of the deceased.

The deceased could legally have changed the deposit to the joint account of herself and the plaintiff, "which change would operate as a present and complete gift in joint ownership if she clearly intended such a result." *Coolidge* v. *Brown*, 286 Mass. 504, 507. See also *Battles* v. *Millbury Savings Bank*, 250 Mass. 180, 187; *McKenna* v. *McKenna*, 260 Mass. 481, 485. Such a present gift could be made even though the donor retained the exclusive right to the income of the deposit during her life. *Robinson* v. *Pero*, 272 Mass. 482, 485. *Coolidge* v. *Brown*, 286 Mass. 504, 507. See also *Buteau* v. *LaValle*, 284 Mass. 276, 278. A present gift of an interest in the deposit would be effected on the

principle of *Chippendale* v. *North Adams Savings Bank,*
222 Mass. 499, and cases following it, by a contract to
which the bank, the deceased and the plaintiff were parties
if the requisite intention on the part of the deceased existed.
Delivery of the bank book would not be essential since the
contract takes the place of the delivery ordinarily required.
*Perry* v. *Leveroni,* 252 Mass. 390, 393.   *Holyoke National
Bank* v. *Bailey,* 273 Mass. 551, 554.   *Barnes* v. *Chandler,*
277 Mass. 395, 399.   Furthermore, a transfer of this nature
is not a gift of the deposit as such, but rather a gift of the
interest therein created by the contract.   *Chippendale* v.
*North Adams Savings Bank,* 222 Mass. 499, 501–503.   *Splaine*
v. *Morrissey,* 282 Mass. 217, 221.   *Bedirian* v. *Zorian,* 287
Mass. 191, 196.   And such a gift made in the lifetime of the
deceased of an interest in the deposit, though ripening into
full ownership of the deposit by the plaintiff on the death
of the deceased, is not testamentary in character.   *Perry*
v. *Leveroni,* 252 Mass. 390, 393.

The defendants rely particularly on the retention of the
bank book by the deceased, her statement to an official of
the bank at the time the deposit was changed to a joint
account that she did not wish the name of the plaintiff to
appear on the bank book, and the rules of the bank under
which, if his name did not so appear, he would not be
allowed to draw from the account during the life of the
deceased, as requiring the conclusion that no present trans-
fer to the plaintiff of an interest in the deposit was made
or intended by the deceased, but that the attempted trans-
fer was testamentary in character.   Though these specific
facts were evidence shedding light on the intention of the
deceased, they were not necessarily inconsistent with the
existence of a completed contract as found by the judge
or of an intention on the part of the deceased to make a
present gift to the plaintiff of an interest in the deposit by
means of such a contract.   *Coolidge* v. *Brown,* 286 Mass.
504, 507.   See also *Foss* v. *Lowell Five Cents Savings Bank,*
111 Mass. 285.   The finding, therefore, that the plaintiff
became the owner of the balance of the deposit on the death
of the deceased must stand.

2. The plaintiff on the facts found was entitled to a decree ordering the retransfer of the account to him by the defendants.

The plaintiff, after he became the owner of the balance of the deposit, "at the request of counsel for the defendants" — the executors of the will of the deceased — "transferred said account to the estate of the deceased." This transfer was without consideration. And an intention on the part of the plaintiff to make a gift to the estate is negatived by the finding that the plaintiff was "led innocently to believe that such transfer was necessary in order at some time to assert his rights, and did not intend to transfer them permanently or to waive or surrender his rights to the account." It is the natural interpretation of the findings that the plaintiff was led to this belief by the request of counsel for the defendants. And it is a reasonable inference therefrom that such counsel had notice of the purpose of the transfer. This notice to counsel was notice to the defendants. *Ratshesky* v. *Piscopo*, 239 Mass. 180, 186. Am. Law Inst. Restatement: Agency, §§ 9, 268.

In these circumstances the estate of the deceased, represented by the defendants as executors, even though fraud by them or by their counsel in obtaining the transfer is not shown, took legal title to the account by such transfer for the purpose for which the transfer was made and not beneficially. See *Cram* v. *Cram*, 262 Mass. 509, 513; *Tirrell* v. *Appleton*, 274 Mass. 393. See also *Devlin* v. *Houghton*, 202 Mass. 75, 78. The defendants, as executors, became trustees of the account for the plaintiff with an implied obligation by way of resulting trust (see Am. Law Inst. Restatement: Trusts, § 404) to retransfer such account to him, the beneficial owner thereof, when retention of title to the account was no longer required for the purpose for which the transfer by him was made. See *Schmidt* v. *Schmidt*, 216 Mass. 572, 576–577; *Bradford* v. *Eastman*, 229 Mass.' 499, 501. Rightly no contention is made that retention of title to the account is any longer necessary for the purpose for which the transfer was made by the plaintiff or, indeed, that the transfer itself was

necessary for that purpose. The plaintiff, therefore, is entitled to a decree for the retransfer of the account by the defendants. *Bradford* v. *Eastman,* 229 Mass. 499, 501. This is true though there is no finding of demand by the plaintiff for a retransfer or of repudiation of the trust by the defendants — unless by the expenditure of a part of the deposit — before this suit was brought. Nor is it fatal to the plaintiff's case that the trial judge was not satisfied that the expenditure of a part of the deposit by the defendants "in improving the real estate left to them by the will" was "with fraudulent intent or imposed a trust upon the property." The obligation of the defendants to retransfer the account arose out of the circumstances of the transfer by the plaintiff.

*Decree affirmed.*