MICHAEL J. BATAL, administrator with the will annexed, *vs.* MARY E. BUSS & another.

Essex.     January 10, 1936. — January 29, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Gift. Bank and Banking*, Joint account. *Joint Tenants and Tenants in Common. Wills, Statute of.*

A completed gift of a joint interest in a savings bank deposit by changing it to a joint deposit of the depositor and the donee was not an attempted testamentary gift of the deposit, nor was it defeated by the depositor's retention of the bank book and his subsequent withdrawals from the deposit until shortly before his death.

PETITION IN EQUITY, filed in the Probate Court for the county of Essex on April 29, 1935.

The petitioner appealed from a decree of dismissal entered by order of *Dow, J.*

*H. F. Collins*, for the petitioner.

*J. P. Kane*, for the respondents.

RUGG, C.J. This is a petition in equity in a probate court to establish title in the petitioner to a deposit in a savings bank and to require Mary E. Buss to deliver to the petitioner the deposit book. A decree was entered after hearing to the effect that the deposit book and deposit were the property of Mrs. Buss and dismissing the petition. The evidence is not reported. The trial judge made a finding of material facts in substance as follows: The petitioner is the administrator with the will annexed of John S. Fraize, late of Andover. His will dated March 7, 1931, and admitted to probate June 27, 1934, provided in the first clause: "My daughter, Mary Fraize Buss, is to see that I get proper burial, pay for the same, also pay any debts which I may owe at the time of my death. The above is to be paid by her personally and not from my estate." In 1931 the testator gave a deposit in the Andover Savings Bank to Mrs. Buss. The validity of this gift is not now questioned. On September 15, 1922, the testator opened another account in his own name in the Andover Savings Bank numbered 35833. On January 23, 1932, he went to the bank alone and changed the account to the names of "John S. Fraize or Mary E. Buss, payable to either or survivor." Two days after doing this he "handed" the deposit book to Mary E. Buss and said, "I am giving you this book. After I am gone this money is yours." Mrs. Buss went to the bank two days later and the teller gave her an identification card and she signed it. The amount deposited on this book on January 20, 1932, was $5,167.01. After delivering the deposit book to Mrs. Buss, the testator took it and kept it in his own possession until he went to the hospital a short time before he died. He withdrew money from the account thereafter for his living expenses and for other purposes as he wished. At first, and for a period of about a year to

January 12, 1933, he made the withdrawals in person. After that date he would sometimes give the deposit book to Mrs. Buss and tell her how much money to get, and she would go to the bank, withdraw the amount he desired and return the book with the money to him. At the time he changed the deposit into a joint account he told the teller that Mary was a good girl and he wished her to have that money. He also "said something to the effect that he would like to have it so she could withdraw the money for him in case of sickness." A short time before he died the physical condition of the testator became so bad that he could not be cared for by his daughter or his sister in their homes and he was taken to a hospital. On the morning he left Mrs. Buss's house to go to the hospital he gave her the deposit book, and it has been in her possession ever since. He said nothing at this time when he handed her the book. After the testator's death Mrs. Buss paid the hospital bill, the funeral bill and the doctor's bill, and erected a head stone at the testator's grave, using the money withdrawn by her from deposit numbered 35833. Throughout the period from 1921 to his death the testator was of sound mind and understood all of the above described transactions in relation to his bank deposit. No fraud, misrepresentation or undue influence was used or exerted by Mrs. Buss upon the testator to procure the transfer and assignment of the deposit to her.

These findings of fact must be accepted as true. The question is whether the decree lawfully could have been entered on those facts. *Patterson* v. *Pendexter*, 259 Mass. 490, 492. *Granlund* v. *Saraf*, 263 Mass. 76, 79. Mrs. Buss took as survivor the title to the entire deposit. *Chippendale* v. *North Adams Savings Bank*, 222 Mass. 499, 501, 502. *Perry* v. *Leveroni*, 252 Mass. 390, 393. *Rockefeller* v. *Davenport*, 277 Mass. 105. The reservation of the right of withdrawal by the testator did not impair the validity of the gift. It stands on the same footing as a reservation of income for life. *Coolidge* v. *Brown*, 286 Mass. 504, 507. The contract between the testator and his daughter did not violate the statute of wills. *McKenna* v. *McKenna*, 260

Mass. 481. There is nothing inconsistent with this conclusion in *Battles* v. *Millbury Savings Bank,* 250 Mass. 180, and similar decisions. The earlier completely executed gift and transfer by the testator of the other savings bank deposit to his daughter do not affect the validity of the final decree. The decree was rightly entered on the facts found. *Brodrick* v. *O'Connor,* 271 Mass. 240. *Holyoke National Bank* v. *Bailey,* 273 Mass. 551, 556.

*Decree affirmed.*