JOSEPH A. SULLIVAN, administrator, *vs.* ELIZABETH A. HUDGINS & others.

ELIZABETH HUDGINS *vs.* JOSEPH A. SULLIVAN, administrator.

Suffolk.    April 3, 1939. — June 30, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Gift. Bank and Banking. Wills, Statute of. Joint Tenants and Tenants in Common. Mortgage,* Of real estate: assignment. *Deed,* Delivery. *Bills and Notes,* Transfer of title.

An intended gift of a joint interest in a savings bank deposit making it payable to either joint owner or the survivor, completed by an agreement in writing with the bank, was valid and effectual after the death of the original owner although during her life she had retained possession of the book of deposit and had drawn the interest as it accrued, and although she did not intend the account to vest in full ownership until her death.

A transfer of a deposit in a savings bank into a joint account of the original depositor and another, payable to either or the survivor, was binding upon the estate of the original depositor although the other joint owner alone signed a card agreeing with the bank that the account should be so payable, where it appeared that the original depositor signed the order of transfer, the bank made the transfer, and the original depositor accepted a book of deposit stating that the account was so held jointly.

A new book of deposit of a joint account in a savings bank "per agreement on file," where no new agreement was executed, while a cancellation of the original book of deposit, did not close the original account but continued on the same terms as the original.

A due recording of an assignment, by the owner of a mortgage of real estate and of the note it secured, to herself and another as joint owners and to the survivor of them, the communication of the fact of the assignment to the joint owner and her acceptance of the gift, indorsement of the note by the assignor to carry out such transfer and a placing of the documents in a safe deposit box to which both joint owners had access, were sufficient, without a manual delivery, to warrant a finding of delivery effecting a transfer of title which, on the death of the assignor, became the sole property of the surviving joint owner.

TWO PETITIONS IN EQUITY, filed in the Probate Court for the county of Suffolk, the first on January 3, 1938, and the second on November 10, 1937.

The petitions were heard together by *Dillon,* J., and decrees were entered dismissing the first petition and granting relief to the petitioner in the second.

*J. C. Johnston,* (*J. Friedberg* with him,) for Sullivan, administrator.

*F. S. DiMento,* for Hudgins.

DOLAN, J. These are two petitions in equity. In the first case the petitioner, who is the administrator of the estate of Susie E. Sullivan (also called Susan E. Sullivan), whose surname by a former marriage was Service, seeks to recover from the respondents certain deposits in savings banks or their proceeds, which deposits, at the time of her death, stood in the name of the deceased in joint account with one or another of the respondents. The judge of probate entered a decree in favor of the respondents, from which the petitioner appealed.

The petition in the second case concerns the title to a mortgage note and mortgage given to secure its payment. The delivery of these instruments and an accounting for moneys received by the administrator of the estate of the deceased are prayed for by the petitioner, Elizabeth Hudgins. The judge entered a decree ordering the administrator to deliver the note and mortgage to the petitioner, and to pay to her $1,270.50 which he had collected on account of the debt evidenced by the note and mortgage. The administrator appealed.

The administrator is the petitioner in one case and the respondent in the other; as he is the appellant in each case he will be so referred to hereinafter. The petitions were heard together, and all the evidence, including certain agreed facts, is reported. The judge made no report of material facts.

The first case concerns the title to four deposits in savings banks and one deposit in the savings department of a national bank or their proceeds. At the argument before us, however, the appellant waived any claim to two of the deposits, and to a third except as there was included within it the sum of $500 withdrawn by the respondent Hudgins from one of the two remaining savings deposits. The issues

now controverted may be disposed of by a consideration of these two deposits.

We have examined the evidence in accordance with our duty as defined by the familiar rule which need not be repeated. *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79, and cases cited. No useful purpose would be served by narrating the evidence in detail. It amply supports the finding, implied in the decree entered by the judge, that the deceased transferred the accounts in question into joint accounts with the respondents Hudgins and Alexander, respectively, with the intention of making a completed present gift of a joint interest in each account, which would ripen into full ownership in these respondents respectively if they should survive her. The facts that the testatrix retained each of the books of deposit in her possession and withdrew the interest which accrued on the deposits for her own use are circumstances to be considered but are not controlling in the light of all the evidence. That she did not intend that full ownership should vest in the respondents unless as to each account the respective respondent named therein survived her was not in violation of the statute of wills. No delivery of the books of deposit was required to be made by the deceased, since the contracts with the banks took the place of delivery. *Goldston* v. *Randolph*, 293 Mass. 253. *Batal* v. *Buss*, 293 Mass. 329. *Castle* v. *Wightman*, 303 Mass. 74.

In connection with the deposit standing in the name of the deceased and the respondent Hudgins, it appears that although the deceased signed the order for the transfer of the account standing in her name to this joint account, she did not sign the usual card of agreement, and that Mrs. Hudgins alone signed the card agreeing that the account was to be "Payable to either or the survivor." The appellant contends that it follows that no interest in the deposit was created in Mrs. Hudgins. We are of opinion, however, that the transfer of the account by the bank into joint account at the order of the deceased, and the acceptance by her of the book of deposit reciting that it was issued to her and to the respondent Hudgins "Payable to either or

the survivor" were tantamount to an agreement by the deceased that the account in question should be held upon those terms.

With relation to the other savings deposit, which stood in the name of the deceased and Dorothy V. Alexander, the appellant has contended that since, upon the issue of the particular savings bank book that represented the deposit at the time of the death of the deceased, neither the deceased nor Mrs. Alexander signed the usual card of agreement and there was no evidence of a delivery of the book by the deceased to Mrs. Alexander, no interest in the deposit was created in her by the transaction. This contention cannot be sustained. The evidence clearly discloses that this particular book of deposit did not represent a new deposit, but was issued in place of a former book of deposit showing the joint account, and that when the joint account thus evidenced was opened both the deceased and Mrs. Alexander signed the usual card whereby they agreed that the account was to be "Payable to either or the survivor in the event of death of either." The original book representing this joint deposit contained those words together with the words "per agreement on file." On October 2, 1936, the balance shown on the original book of deposit was $2,300. On the same date the new book was issued showing a deposit of $2,300. The new book was stated to be "In account with Susan E. Sullivan  Dorothy V. Alexander  Joint account Payable to either or the survivor in event of death of either (per agreement on file)." We think it is clear that the cancellation of the original book of deposit in these circumstances was not a closing of the account in the true sense, and that the new book of deposit was issued upon the same terms as the old and upon the same agreement which was incorporated in the new book by reference. We are of opinion that the decree entered by the judge with respect to the several savings deposits involved was correct.

In the second case, which concerns title to the note and the mortgage given to secure its payment, the evidence discloses the following facts: On August 15, 1923, one Rob-

ertson executed a note wherein he promised to pay to John W. Service, then the husband of the deceased, $17,500 in instalments of $500 with interest each payable semi-annually. The note was secured by a second mortgage of real estate located in Hartford, Connecticut, which was duly recorded. The note purports to have been executed in that city. After the decease of Service the executors of his will, one of whom was his wife, assigned the mortgage to his wife, the deceased in this case, and by an indorsement made the note payable to her or to her order without recourse. By an instrument dated August 20, 1928, the deceased executed an assignment of "the . . . mortgage deed, the real estate thereby conveyed, and the note and claim thereby secured" to herself and Elizabeth A. Hudgins as joint tenants. The assignment was under seal, acknowledged and duly recorded in Hartford Land Records. The deceased also indorsed the note as follows: "Pay to the order of Susan E. Service and Elizabeth A. Hudgins and to the survivor of them."

The deceased told the petitioner, Mrs. Hudgins, who was her sister, that she had made the mortgage over to herself and Mrs. Hudgins. The latter understood that she was to have the note and mortgage upon the death of the deceased. The deceased kept the note, the original mortgage deed and this assignment in a safe deposit box which she rented on December 7, 1927. On that day the name of Mrs. Hudgins was "added to the card," giving her the right to go to the box. Access could be had to the box by either. The deceased made this arrangement so that in the event of her death Mrs. Hudgins "could go and get what she left." Mrs. Hudgins never went alone to the safe deposit vault in which the box was located. She "never felt at liberty to go by" herself. She did go to the vault two or three times with the deceased a year or two before the death of the latter. The best recollection of Mrs. Hudgins was that she did not see the note and mortgage prior to the death of the deceased. Mrs. Hudgins did not know the "amount of the mortgage," and "never received any of the income of the mortgage note." A pay-

ment of $500 on account of the mortgage debt appears to have been received by the deceased on February 15, 1929.

The appellant argues that no interest in the note and mortgage passed to the petitioner, contending that in the circumstances before recited there was no delivery of either the note or the assignment to her, and that delivery was essential to establish a completed gift of a joint interest in the note and mortgage to the petitioner.

A delivery of either the note or the assignment was essential to a transfer of title to the deceased and the petitioner as joint tenants. While such a transfer of title could be worked by the assignment, the assignment, just as an original mortgage deed, would not be effective without delivery. 2 Jones on Mortgages, § 999, and cases cited.

In the case at bar the evidence would not warrant a finding that there was an actual manual delivery of either the assignment or the note. The recording of the assignment, the communication of what she had done by the deceased to the petitioner, and the acceptance of the gift by the latter in so far as she could, by themselves would not constitute a delivery of either of the instruments. *Barnes* v. *Barnes*, 161 Mass. 381. It is, however, settled that manual delivery of a recorded deed is not required to work a transfer, and that acts of the grantee when coupled with a purpose of the grantor to treat the deed as delivered are sufficient to pass the title. *Creeden* v. *Mahoney*, 193 Mass. 402, 405. And in *Regan* v. *Howe*, 121 Mass. 424, at page 426, it is said: "It is not necessary, as between the parties themselves, even when both are present, that the deed should be placed in the actual custody of the grantee, or of his agent. It may remain with the grantor, and it will be good, if there are other acts and declarations sufficient to show an intention to treat it as delivered." See also *Atkins* v. *Atkins*, 195 Mass. 124, 128.

We are of opinion that the recording of the assignment of the mortgage, the communication of that fact to the petitioner, the acceptance by the latter of the gift (and that may be inferred), coupled with the indorsement of the note by the deceased to herself and the petitioner as joint

tenants, and the placing by .the deceased of the assignment and the note in the safe deposit box to which, under the contract of hire, the petitioner had access, as before recited, are sufficient acts and declarations to show an intention on the part of the deceased to treat the instrument of assignment as delivered, and to warrant a finding of its delivery, which worked a transfer of title to the mortgage to the deceased and the petitioner as joint tenants, carrying with it title to the note, payment of which the mortgage was given to secure. See *Strong* v. *Jackson,* 123 Mass. 60, 62. Compare *Cardoza* v. *Leveroni,* 233 Mass. 310. It follows that upon the death of the deceased the petitioner, as survivor, became the sole owner of the note and mortgage.

In the first case the decree entered in the Probate Court is affirmed. In the second case the decree is to be modified by including an order that the appellant also deliver to the petitioner the instrument of assignment of the mortgage, and as so modified it is affirmed.

.          *Ordered accordingly.*