Mary R. MacLennan *vs.* Angus D. MacLennan.

Suffolk.    March 8, 1944. — June 27, 1944.

Present: Field, C.J., Lummus, Dolan, Ronan, & Wilkins, JJ.

*Gift. Joint Tenants. Personal Property,* Joint tenancy.

Acts of a husband, pursuant to a prenuptial agreement, in placing cer-
tain bank accounts and corporate stock in the names of himself and
his wife "as joint tenants with the right of survivorship and not as
tenants in common," to take care of her in case he died, "because a
will would require probate and might be contested, whereas the . . .
method [used] for collection of the money in case he predeceased her
would merely require the presentation of a death certificate at the
bank," and his later purchase, with money from those accounts, of
shares of corporate stock with the same statement of ownership, re-
quired a finding of an intent on his part to make her a present gift of a
joint interest under which he was to have sole control during his life
and whatever might remain at his death, if the wife should survive him,

would become hers absolutely; the facts that the wife furnished no part of the money for the accounts or the stocks, and that the husband reserved a right of control which if exercised in full would work a revocation, did not impair the validity of the transaction.

In a suit in equity by a woman against her divorced husband to determine the ownership of corporate stocks purchased by him and placed in both their names "as joint tenants with the right of survivorship and not as tenants in common," where it appeared that it was his intention to make a present gift of a joint interest under which he was to have sole control during his life and whatever might remain at his death, if she should survive him, would become hers absolutely, a decree was ordered adjudging that the stocks were held in such joint account and ordering her to do such acts as might be necessary from time to time to give effect to the right of control reserved by him.

PETITION IN EQUITY, filed in divorce proceedings in the Probate Court for the county of Suffolk on July 16, 1940, under G. L. (Ter. Ed.) c. 208, § 33, as appearing in St. 1936, c. 221, § 1.

The case was heard by *Wilson,* J.

*M. E. Gallagher, Jr.,* (*W. P. Everts* with him,) for the petitioner.

*G. H. Lucey,* (*J. M. Amsbury* with him,) for the respondent.

WILKINS, J.  Following the decision in this case reported in 311 Mass. 709, there was a hearing on the petition and the counterclaim, both of which sought an adjudication of the ownership of certain stock certificates, standing in the name of "Angus D. MacLennan and Mary R. MacLennan as joint tenants with the right of survivorship and not as tenants in common."  A final decree was entered which stated that the recording of the name of the petitioner "as a joint tenant with the right of survivorship . . . was not an outright gift or advancement or transfer of title," and that the said securities are the sole property of the respondent.  The decree ordered the petitioner "to assign, transfer, and issue any necessary releases, in respect to each and every certificate of stock," ordered the State Street Trust Company (which does not appear in the record as a party) to deliver the said securities to the respondent, and dismissed the "bill of complaint."  See *Burroughs* v. *Wellington,* 211 Mass. 494, 496.  The petitioner appealed.  There

is a report of material facts, and the evidence is reported. G. L. (Ter. Ed.) c. 215, §§ 11, 18.

It is the duty of this court to examine the evidence and to decide the case on its own judgment, giving due weight to the findings of the judge, which will not be reversed on oral testimony unless plainly wrong. *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79, 83–84. *Old Colony Trust Co.* v. *Yonge*, 302 Mass. 49, 50. *Hiller* v. *Hiller*, 305 Mass. 163, 164. In this case no question of belief or disbelief of oral testimony is present, for, as will appear hereinafter, there is no variation in any essential respect in the testimony of the petitioner and the respondent, who were the only witnesses called. Compare *Vergnani* v. *Guidetti*, 308 Mass. 450, 455. Inferences of fact may be drawn, and no weight is to be attached to inferences drawn by the trial judge. *Malone* v. *Walsh*, 315 Mass. 484, and cases cited.

By stipulation the rights of the parties are to be determined as if the petition had been filed after June 9, 1941, when their divorce became absolute.

In the report of material facts it appears with full support from the evidence that in February, 1928, the respondent, a widower, proposed marriage to the petitioner. On the following day he wrote her a letter stating that "in the event of their marriage, he desired to assure to her the same protection he had given his first wife, namely, putting his money in a joint account because a will would require probate and might be contested, whereas the suggested method for collection of the money in case he predeceased her would merely require the presentation of a death certificate at the bank." The judge rightly found that it was the fact, as testified by the petitioner, that the respondent wrote "and told me exactly what he had, and showed how he would take care of me in case he died . . . [and] if I married him he would put everything jointly in his name as well as mine . . . and that would take care of me in case he died; that there wouldn't have to be any will and there would be no contest; that I merely would have to take a death certificate to the bank and I could obtain the money."

The judge also found and the evidence showed the following: The parties were married July 2, 1928, and lived together until July, 1940. In September, 1928, the respondent took the petitioner to various savings banks and cooperative banks, "and had her name put on the books jointly with his own, as well as on a certificate for some First National Bank stock." About June, 1929, the respondent withdrew some of this money and purchased shares of stock in various companies. In March, 1930, he pledged some of the securities as collateral on a loan with the State Street Trust Company, and purchased other stock. In August, 1934, and March, 1935, the respondent purchased further stock with the proceeds of matured coöperative bank shares. Except for the shares of First National Bank stock all the certificates in question were purchased by the respondent with money withdrawn from joint bank accounts or matured coöperative bank shares or from the proceeds of the loan. No money was contributed by the petitioner. The securities were kept in a safety deposit box to which both had keys, but the petitioner never saw or had actual possession of the certificates. Dividend checks were indorsed by both and deposited in a joint checking account. The respondent annually paid all income taxes on the dividends.

The report of material facts also stated by way of inference, "I find, that . . . the phraseology used on the certificates . . . was put there on the respondent's instructions in order to protect the petitioner in case he predeceased her." We draw the same inference. The report further stated by way of inference: "I find that the respondent never had any intention to vest a present interest in the petitioner either as to his original funds in various banks or such stock certificates as were subsequently purchased in the names of the two parties jointly. I find that the intention of the respondent was wholly testamentary, and was understood so to be by the petitioner, and that the petitioner therefore acquired no beneficial interest in the securities." With these inferences we cannot agree. The testimony of both the petitioner and the respondent was in

accord as to the contents of the respondent's letter to the
petitioner, which apparently was no longer in existence.
This letter we think evidences the intention of the respond-
ent and the understanding of the parties when the bank
deposits, the coöperative bank shares, and the various cer-
tificates of stock were put in their joint names, namely, an
intent to make a present gift of a joint interest under which
the respondent was to have sole control during his life and
whatever might remain at his death if the petitioner should
survive him should ripen into full ownership by her. See
*Goldston* v. *Randolph,* 293 Mass. 253, 257; *Castle* v. *Wight-
man,* 303 Mass. 74, 77–78; *Greeley* v. *Flynn,* 310 Mass. 23,
27; *Ball* v. *Forbes,* 314 Mass. 200, 204; *Malone* v. *Walsh,*
315 Mass. 484, 486. In no other way could the intention
of the respondent be achieved that the petitioner upon his
death should enter into full possession and enjoyment of
the property in question without seeking administration or
probate of his estate. *Castle* v. *Wightman,* 303 Mass. 74,
78. *Malone* v. *Walsh,* 315 Mass. 484, 491. See *Smith* v.
*Smith,* 313 Mass. 687, 694. If no present interest in the
petitioner had been created, the arrangement as between
the parties would have been testamentary, as the judge in-
ferred, and utterly void. *Battles* v. *Millbury Savings Bank,*
250 Mass. 180, 187. *Gibbons* v. *Gibbons,* 296 Mass. 89, 91.
*National Shawmut Bank* v. *Joy,* 315 Mass. 457, 470–471.
The reservation of the right of control of the property in
question by the respondent, which if exercised in full would
work a revocation, did not impair the validity of the trans-
action. *Goldston* v. *Randolph,* 293 Mass. 253, 256. *Batal*
v. *Buss,* 293 Mass. 329, 331. *Greeley* v. *Flynn,* 310 Mass.
23, 28. *National Shawmut Bank* v. *Joy,* 315 Mass. 457,
474. *Malone* v. *Walsh,* 315 Mass. 484, 491. The gift did
not violate the statute of wills. *McKenna* v. *McKenna,*
260 Mass. 481. *Goldston* v. *Randolph, supra,* at page 257.
*Batal* v. *Buss, supra,* at page 331. *Ball* v. *Forbes,* 314 Mass.
200, 204. The fact that the petitioner furnished none of
the consideration is immaterial. *Gibbons* v. *Gibbons,* 296
Mass. 89, 91. *Levy* v. *Levy,* 309 Mass. 486, 489–490. Willis-
ton, Contracts (Rev. ed.) § 114. In our opinion this is not

a case where it can be concluded properly that the certificates in question are the sole property of the respondent. See *Colby* v. *Callahan*, 311 Mass. 727; *Ball* v. *Forbes*, 314 Mass. 200, 204, and cases cited.

In the view we have taken it is unnecessary to consider whether subsequent statements of intention made by the respondent were properly admitted in evidence.

The final decree is reversed, and a new decree shall be entered providing that the stock certificates are held in joint account by the petitioner and the respondent in accordance with the intention of the respondent as hereinbefore set forth, and ordering the petitioner to do such acts as may be necessary from time to time to give effect to the right of control of the stock certificates reserved by the respondent. Costs and expenses of this appeal in an amount to be determined by the Probate Court are to be allowed, to be paid by the respondent to the petitioner.

*So ordered.*