HOFFMAN R. HAYS, administrator, *vs.* LUDWIG E. HEINZ &
another.

Middlesex.    November 6, 1944. — December 5, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Personal Property,* Ownership, Joint tenancy.  *Conservator.  Joint Tenants.*

Evidence as to conduct of the conservator of a widow in joining with
the administrator of the husband's estate in making a claim against a
third person for funds received by him when withdrawn by the hus-
band and wife from a bank account standing in their joint names,
"payable to either or survivor," and in effecting a compromise of the
claim resulting in delivery of an automobile to the conservator and by
him to the administrator and in payment of money to the adminis-
trator, did not, in a suit in a Probate Court brought after the widow's
death by her administrator against her husband's administrator to
establish title to the automobile and to the money paid to the respond-
ent, sustain the burden on the petitioner of showing that the money
so withdrawn from the bank account had been intended by the joint
depositors to preserve the character of a joint account with survivor-
ship that it had had before the withdrawal, or to show error in a decree
dismissing the suit.
Evidence did not require a finding that the conservator of a widow did
not exercise sound judgment in joining with the administrator of the
husband's estate, without having procured authority under G. L.
(Ter. Ed.) c. 204, § 13, in a compromise of a claim against a third
person as to funds paid to him after their withdrawal by the husband
and wife from a joint bank account, and in payment and delivery of
all the proceeds of the compromise to the administrator.

PETITION, filed in the Probate Court for the county of
Middlesex on November 2, 1941.

The case was heard by *Leggat,* J.

*J. E. Angoff,* for the petitioner.

*R. B. Walsh,* for the respondents.

DOLAN, J.   This is a petition in equity to establish the
title of the petitioner's intestate, Alice B. Stark, to a fund
of $2,000, and to an automobile alleged to be in the posses-
sion of the respondent Merrick F. Stark as administrator
of the estate of Francis Stark, who was the husband of Alice
by a second marriage and who predeceased her.   All the

allegations of the petition as against the respondent Heinz were waived at the hearing which proceeded solely upon its allegations against the respondent administrator, hereinafter referred to as the respondent, with respect to the property above described. The case comes before us on the petitioner's appeal from the decree entered by the judge dismissing the petition.

The evidence is reported, and the judge made a report of the material facts found by him which, together with other facts we find ourselves (see *Lowell Bar Association* v. *Loeb,* 315 Mass. 176, 178), may be summed up as follows: The respondent's intestate, Francis, died on June 27, 1939, and the respondent, his son by a first marriage, was appointed administrator of his estate on August 17, 1939. The petitioner's intestate, Alice, died on July 27, 1941, and the petitioner was appointed administrator of her estate on October 31, 1941. The present proceeding was begun in November, 1941. Prior to December 10, 1934, Alice and her husband, Francis, had deposits in two savings banks aggregating $18,457.24 standing in their joint names "payable to either or survivor." On that day they withdrew $6,400 which they invested in a note payable to Francis alone and secured by a mortgage of real estate. Sometime in 1937, either Francis or Alice or both transferred substantially the entire balance remaining of these deposits to one Samit in consideration of the sale to them of certain furniture. On October 4, 1939, Flora Stark Field, a sister of Alice, was appointed conservator of her property. After her appointment she learned of the withdrawals from the deposits that had been paid over to Samit and notified the respondent. She sent for Samit who came to her house where they had a conference. The respondent retained counsel who also represented the conservator of Alice. A complaint was made against Samit to the district attorney of Middlesex County. As a result of conferences held in the latter's office a settlement was made whereunder Samit paid to the respondent $2,000, and gave a bill of sale of an automobile to the conservator of Alice, who immediately transferred it to the respondent. While these conferences

were being held, the respondent contended that the money paid to Samit and the automobile he had purchased out of those funds belonged to the estate of Francis and should be turned over to the estate. He refused to sign a release to Samit unless that was done, stating that he came into the office of the district attorney "without a cent," and "could go out without a cent just as well if the money wasn't paid back" to his father's estate. Samit refused to perfect the settlement until everybody was "struck out." The conservator of Alice stated during the conferences that she wanted to "make it right" with the respondent for what Alice had done in giving the money to Samit, that she was sorry for what Alice had done in giving away all the money that "Mr. Stark" worked so hard for, and that she wanted to give it back so that she could "make it right." Finally she, as conservator of Alice, and the respondent signed the release, and the payment of the money and the transfers of the automobile were made as before set forth. The respondent paid counsel who had represented him and the conservator $125 out of the $2,000 in the presence of and with the consent of the conservator of Alice, who accompanied him to the office of the undertaker who had charge of the burial of Francis, and the respondent paid him $283 out of the same fund for his services. The ultimate findings of the judge that it was understood by the conservator and the respondent that the funds in question and the automobile should become a part of the estate of Francis, that the conservator acquiesced and consented thereto, and that as conservator or otherwise she never made any claim to any interest or share therein until this petition was brought, except such as might accrue to her ward as a beneficiary of the estate of Francis, are supported by the evidence. The judge further found that any claim as set forth in the petition on the part of Alice or her estate arose on May 13, 1940, "at which time her conservator had full knowledge of all facts pertaining to it and that the same is barred by virtue of the provisions of . . . [G. L. (Ter. Ed.) c. 260, § 11]."

An examination of the evidence discloses nothing with

reference to the details of the transactions in which moneys withdrawn from the joint accounts were paid to Samit, except that it was for furniture sold by him to one or both of the joint depositors. There is nothing to show that it was the intention of the joint depositors that the proceeds of the payments to Samit should continue to be subject to the same incidents, as to enjoyment and survivorship, that usually accompany such deposits in the absence of evidence to show a contrary intent. See *Goldston* v. *Randolph*, 293 Mass. 253; *Castle* v. *Wightman*, 303 Mass. 74, 76–77. It is not without significance that the sum of $6,400 withdrawn and lent on a note secured by a mortgage was payable to Francis alone. Any claim to that was waived by the petitioner at the hearing in the court below. The burden of proof rested upon the petitioner to show that the money paid to Samit was intended by the joint depositors to preserve the same character that it had when withdrawn from the respective banks. The evidence is not sufficient to sustain that burden, or to establish that the insistence of the respondent that the property in question be turned over to the estate of Francis was without some justification. The conservator entered into the compromise with Samit on that basis, apparently in the belief that the claim of the respondent was well founded. The respondent would not enter into the compromise with Samit and the conservator of Alice on any other basis. As finally agreed upon, the settlement inured to the benefit of Alice to the extent that she became entitled to her distributive interest therein as a statutory heir of Francis. See G. L. (Ter. Ed.) c. 190, §§ 1–3.

It is true that the conservator of Alice entered into the compromise without having been authorized to do so by decree of the Probate Court as provided by G. L. (Ter. Ed.) c. 204, § 13. In so doing she took the chance of not being able to satisfy the appropriate tribunal that she exercised a sound judgment in so doing. *Forbes* v. *Allen*, 240 Mass. 363, 366. In the circumstances above set forth we are of opinion that it cannot be said as matter of law that the proper conclusion is that the conservator did not exercise

sound judgment in entering into the settlement in question for the benefit of the estate of Francis. Since the result would be the same in any event, it is unnecessary to consider whether the present petition is barred under the provisions of G. L. (Ter. Ed.) c. 260, § 11, or other statute of limitations.

*Decree affirmed.*