ANNIE G. BERRY *vs.* CITY OF BOSTON. February 7, 1946. Exceptions overruled. This action of tort was tried in the Superior Court before a judge and a jury. A motion of the defendant for a directed verdict was granted and the plaintiff excepted. There was no error. The action was brought against the city of Boston to recover compensation for personal injuries sustained by the plaintiff as a result of falling on a public sidewalk. There was evidence that the plaintiff sustained injuries as a result of falling upon the sidewalk. And she testified that "her heel caught in a crack in the sidewalk" and that afterwards she looked back and "saw the cracks in the sidewalk." There was, however, no evidence as to the nature of the cracks other than photographs, and the photographs did not warrant an inference that any of the cracks constituted an actionable defect.

*K. A. Sanderson,* for the plaintiff.

*R. Bisignani,* Assistant Corporation Counsel, for the defendant, was not called on.

ANGUS D. MACLENNAN *vs.* STATE STREET TRUST COMPANY & another. February 8, 1946. Decree affirmed with costs. This suit in equity was brought in the Superior Court by Angus D. MacLennan against State Street Trust Company and Mary R. MacLennan to compel the defendant State Street Trust Company to deliver certain securities to the plaintiff. Each defendant filed an answer, that of the defendant Mary R. MacLennan including a counterclaim. After a hearing, the following decree was entered: "This cause came on to be heard at this sitting and was argued by counsel. It appearing that the respondent State Street Trust Company now has in its possession the securities listed in the schedule attached to the bill of complaint herein as Exhibit B and that said securities are held pursuant to the escrow agreement dated February 18, 1941, a copy of which is annexed as Exhibit A to the answer of said Street Street Trust Company heretofore filed in this suit and further that it also has in its possession powers of attorney signed by the respondent Mary R. MacLennan applicable to said securities; and it further appearing that the ownership of said securities has been finally determined by the courts of this Commonwealth and that the petitioner is entitled to possession of said securities by reason of his right to the sole control thereof and said powers of attorney and that the respondent State Street Trust Company has no interest in said securities or powers of attorney otherwise than as custodian thereof under said escrow agreement; thereupon on consideration thereof it is ordered, adjudged and decreed That the respondent State Street Trust Company be and it hereby is ordered and directed to deliver to the petitioner herein the securities listed in said schedule and said powers of attorney relating thereto upon payment to it of its costs, including counsel fees, in the aggregate amount of $225 and that subject only to making such delivery said respondent State Street Trust Company be and it hereby is released and discharged from all claims of liability to either the petitioner or the respondent Mary R. MacLennan for, upon or by reason of said securities or said escrow agreement. It is further ordered that the counterclaim of the respondent Mary R. MacLennan be and it hereby is dismissed." The defendant Mary R. MacLennan appealed to this court. The evidence is reported including the escrow agreement referred to in the decree. Upon an examination of the pleadings and the reported evidence and consideration of the decision of this court in *MacLennan* v. *MacLennan,* 316 Mass. 593, see also 311 Mass. 709, the court is of opinion that the decree was right and that discussion of the matters therein involved is unnecessary.

*M. E. Gallagher, Jr., (W. P. Everts* with him,) for the respondent Mary R. MacLennan.

*W. P. Lombard,* for the petitioner.

*J. G. Brooks,* for the respondent State Street Trust Company.