WILLIAM ZAMBUNOS *vs.* ANNA ZAMBUNOS.

Suffolk.     December 7, 1948. — April 11, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Gift. Joint Tenants. Personal Property,* Joint tenancy.

Subsidiary findings by a judge in a suit in equity by a husband against
his wife, that the plaintiff gave money to the defendant to purchase
postal savings certificates, which she took in her name contrary to his
instructions to her to have them put in the names of both "so that the

survivor would have a clear title . . . [to them] without the necessity of court proceedings," were inconsistent with a conclusion by the judge that the plaintiff had no intention of making a gift of "any part" of the certificates to the defendant, and required a conclusion that the plaintiff made to her a present gift of a joint interest therein under which he was to have sole control during his life and whatever might remain at his death would then become fully owned by her if she should survive him.

The validity of a gift of a joint interest in personalty was not impaired by the reservation by the donor of the sole right of control of the property during his life.

BILL IN EQUITY, filed in the Superior Court on March 19, 1948.

The suit was heard by *Morton, J.*, by whose order a final decree was entered providing that "the plaintiff . . . is the sole owner of United States bonds . . . now standing in the names of the plaintiff . . . and the defendant . . . and which are now in the possession of . . . [the] defendant, and that the plaintiff is the sole owner of United States postal savings certificates . . . now standing in the name of the defendant . . . . That the defendant . . . execute all necessary documents to transfer the title of said United States bonds and said postal savings certificates . . . to the plaintiff, and that the defendant deliver to the plaintiff said United States bonds . . . ." The defendant appealed.

*E. J. Bushell*, for the defendant.

*John J. Murphy*, (*J. V. Murphy* with him,) for the plaintiff.

SPALDING, J. The purpose of this suit between husband and wife is to determine the ownership of certain United States bonds and postal savings certificates. Since the defendant conceded at the arguments before us that the plaintiff is the owner of the bonds, the questions for decision relate only to the certificates. The evidence is reported and the judge made a voluntary report of the material facts found by him.

Findings of the judge include the following: The plaintiff turned over money ($2,500 in the aggregate) to the defendant from time to time with the request that she use it for

the purchase of postal savings certificates. He instructed her to have the certificates put in the names of both "so that the survivor would have a clear title . . . [to them] without the necessity of court proceedings." The certificates were purchased solely with the plaintiff's money and "he had no intention of making a gift thereof or any part thereof" to the defendant. The defendant, however, instead of carrying out the plaintiff's instructions had the certificates made out in her name. The plaintiff, upon learning of this sometime later, requested the defendant to take the necessary steps to have the certificates put in the names of both of them, but she refused to do so. The defendant left the plaintiff's home on March 9, 1948, taking with her the United States bonds and some cash. The certificates were in the possession of the plaintiff. The judge ordered the entry of a decree adjudging that the plaintiff was the sole owner of the postal savings certificates and directing the defendant to execute all documents necessary to transfer title to them to the plaintiff. From a decree entered in accordance with that order, the defendant appealed.

The defendant urges that the judge should have found that she was the sole owner of the certificates or, at the very least, that she had a partial interest in them. We are of opinion that the latter contention must be sustained. The evidence was conflicting. If the judge believed the testimony of the defendant he could have found that the certificates belonged solely to her. But such a finding was by no means required. The plaintiff's version of the transaction, which the judge evidently believed, supported his findings. But his conclusion that the plaintiff never intended to make a gift of "any part" of the certificates to the defendant is inconsistent with his specific findings and is not supported by the evidence. The specific findings of the judge show that the plaintiff wanted the certificates to be put in the names of himself and the defendant so that, in case she survived him, she would have title to them without the necessity of seeking administration or probate of his estate.

This accords with the plaintiff's testimony.[1] We construe these findings and the evidence on which they were based as manifesting an intention on the part of the plaintiff to make a present gift of a joint interest in the certificates under which he was to have sole control during his life and whatever might remain at his death, if the defendant should survive him, should ripen into full ownership by her. *MacLennan* v. *MacLennan*, 316 Mass. 593, 597. If no present interest in the defendant had been created, the arrangement as between the parties would have been testamentary and void. *National Shawmut Bank* v. *Joy*, 315 Mass. 457, 470–471. *MacLennan* v. *MacLennan*, 316 Mass. 593, 597. An interpretation of the arrangement leading to such a result should be avoided if possible. We are of opinion that the findings, fairly construed, do not require that result. The fact that under our interpretation of the transaction the plaintiff reserved the right of control of the property in question, which if exercised in full would work a revocation, does not impair the validity of the gift. *MacLennan* v. *MacLennan*, 316 Mass. 593, 597. The gift here was essentially the same as that in the *MacLennan* case. What was said in that case is controlling here.

It follows that the final decree is erroneous in adjudging that the certificates are the sole property of the plaintiff. The decree is to be modified by striking therefrom the provision that the plaintiff is the sole owner of the postal savings certificates and by substituting therefor a provision that the certificates are held in joint account by the plaintiff and the defendant in accordance with the intention of the plaintiff as hereinbefore set forth; the decree shall also order the parties to do such acts and to execute such documents as may be necessary to effectuate that intention, and, as so modified, the decree is affirmed.

*So ordered.*

---

[1] The plaintiff testified as follows: "Q. Did you ever intend or did you ever say that your wife should have fifty-fifty ownership of either the bonds or postal savings? A. I always have told her in case either one of us pass away, we wouldn't have no trouble with courts and lawyers and things like that, so that we wouldn't have no trouble, that is why I put the money in joint names. Q. Did you ever say to your wife, this is fifty-fifty? A. No."