WILLIAM E. CORKUM, executor, *vs.* THE SALVATION ARMY OF MASSACHUSETTS, INCORPORATED.

Suffolk. November 4, 1959. — December 17, 1959.

Present: SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Gift. Trust,* What constitutes, Of personal property. *Joint Tenants. Personal Property,* Joint tenancy. *Notice. Probate Court,* Appeal.

Upon an appeal from a decree of a Probate Court with a report of the evidence but without any findings by the judge, where much of the crucial evidence was documentary and the oral testimony was undisputed, this court was in as good a position to decide the case as was the judge, and in making its decision might draw its own inferences without regard to inferences which might have been drawn by him. [166–167]

The mere opening by one of a joint bank account in the names of herself and another created no trust for the benefit of the other person where there was no notice to him of the account. [167]

Evidence that a woman familiar with various kinds of bank accounts opened a joint bank account in the names of herself and a charity with a signature card signed by her only, that she never notified the charity of the account and instructed the bank officer with whom she dealt not to notify it, and that in creating other joint accounts in the names of herself and others she notified the others and they signed the signature cards, showed that she did not intend to make a present completed gift of a joint interest to the charity and that therefore there was no such gift. [167–168]

PETITION, filed in the Probate Court for the county of Suffolk on March 24, 1958.

The case was heard by *Keville,* J.

*John A. Perkins,* for the respondent.

*John J. Mahan,* (*William E. Corkum* with him,) for the petitioner.

SPALDING, J. This petition in equity was brought to determine ownership in six bank accounts. The petitioner is the executor of the will of Lois B. Thomas (sometimes known as Blanche L. Thomas) late of Boston. There are numerous respondents but the only one that we are concerned with in this appeal is The Salvation Army of Massa-

chusetts, Incorporated, hereinafter called Salvation Army. The only account here in issue is a savings share account (No. 1224) in the Jamaica Plain Co-operative Bank.

The judge made no findings of fact and no report of material facts was requested. A decree was entered adjudging that the account in question belonged to the estate of the testatrix. Salvation Army appealed. The evidence is reported.

From the evidence, which was virtually undisputed, we find the following facts: On October 18, 1954, the testatrix opened an account in her own name in the Jamaica Plain Co-operative Bank, hereinafter called the bank. On November 14, 1955, she transferred the account into an account standing in the names of Lois B. Thomas or Julia A. Haskell, payable to either or survivor. Subsequently, on July 17, 1957, she withdrew the amount standing in the account and opened up the account (No. 1224) in dispute. The signature card, which was signed only by the testatrix, bears the following notation written by one Allen, the bank's treasurer: "Trans to self or Salvation Army Hosp Corey Hill Brookline."[1] The passbook for the account was issued in the names of "Lois B. Thomas or Salvation Army Hosp Corey Hill, Brookline." Allen never notified Salvation Army of the account and there is no evidence that notice was given by any other official of the bank. A search of its records by Salvation Army reveals no record of such notification.

Where a case, as here, comes to us with a report of the evidence, but without findings of fact, the entry of the decree imports a finding of every fact essential to sustain it within the scope of the pleadings and supported by the evidence; and such implied findings will not be reversed unless plainly wrong. *Carmichael* v. *Carmichael*, 324 Mass. 118, 119. But here much of the crucial evidence is documentary, and the oral testimony, not being in dispute, presents no question of belief or disbelief. In this situation we are in as good a

---

[1] No question has been raised as to the right of Salvation Army, if entitled to prevail, to the fund in question.

position to decide the case as was the trial judge. See *Bratt* v. *Cox*, 290 Mass. 553, 557–558; *Skil Corp.* v. *Barnet*, 337 Mass. 485, 488. And in doing so we may draw our own inferences of fact from the basic facts shown, without deference to any inferences which might have been drawn by the trial judge. *Malone* v. *Walsh*, 315 Mass. 484, 490. *MacLennan* v. *MacLennan*, 316 Mass. 593, 595.

Plainly there was no trust created with respect to the account in question, and we do not understand that Salvation Army contends that there was. The lack of notice to the beneficiary alone would be fatal (*Aronian* v. *Asadoorian*, 315 Mass. 274, 276–277, *Berger* v. *Berger*, 333 Mass. 540, 544) and we need not consider whether there are other reasons. We mention this because there was testimony by Mrs. Haskell that the testatrix had told her that she was "setting up a trust fund" for Salvation Army.

The question, then, is whether there was a valid inter vivos gift of a joint interest in the account in question as distinguished from an attempted testamentary disposition. "The law on this subject of joint accounts has been stated in a number of decisions of this court, such as *Goldston* v. *Randolph*, 293 Mass. 253, *Batal* v. *Buss*, 293 Mass. 329, *Castle* v. *Wightman*, 303 Mass. 74, *Sullivan* v. *Hudgins*, 303 Mass. 442, *Ball* v. *Forbes*, 314 Mass. 200, *Malone* v. *Walsh*, 315 Mass. 484, and *MacLennan* v. *MacLennan*, 316 Mass. 593. By the authority of such cases . . . it is settled that the contract with the bank takes the place of delivery, and that the change in the deposit . . . would operate as a present and completed gift of an interest in joint ownership if the former owner . . . intended that result, even though he retained possession and control of the deposit during his lifetime and the book of deposit was never manually delivered to the . . . [donee] and . . . [he] signed no card for the bank in connection with the account." *Kittredge* v. *Manning*, 317 Mass. 689, 692. It is to be noted that the gift under the quoted rule takes place only if the donor "intended that result."

Thus it becomes important to ascertain the donor's intent.

We are of opinion, as evidently the trial judge was, that the gift here fails because the evidence shows that the testatrix did not have the intent to make a present gift. It is apparent that the testatrix had had considerable experience with savings accounts and was by no means unfamiliar with the various types of accounts that could be set up.

At the hearing in the Probate Court there was also in issue the ownership of five other bank accounts of the testatrix. Two of these accounts were designated in trust for certain beneficiaries. But in three, where there were purported gifts by the device of joint accounts, the accounts were put in the names of the testatrix and the donee, and in each case the donee was notified by the testatrix and signed the signature card. On the other hand when the testatrix put the account in question in the names of herself and the Salvation Army Hospital she was asked by the bank's treasurer whether the hospital should be notified and she replied that it was not to be. Salvation Army, in contradistinction to the practice followed with respect to the three other joint accounts, never signed the signature card nor was it ever notified.

We need not decide whether notice to the donee is necessary to effectuate a gift of an interest in a savings bank account where it is attempted, as here, by a joint account. But whether or not notice is necessary, it is an important factor on the question of intent.

The fact that the testatrix notified the donees of the other three accounts, while she failed to notify Salvation Army and requested Allen not to do so, manifested an intent, on her part, not to make a completed present gift in favor of the Salvation Army.

*Decree affirmed.*